Wheeleb, J.
It is objected to the judgment that there is an absence of proof of any agreement, as alleged in the plea, that the proceeds of the sale of (he corn should be applied to the payment of the note.
Whether such an agreement in fact existed was a question submitted to the jury by the instructions given by the court. And it was one which, under the evidence, it was competent for them to determine. The inquiry was as to what was the understanding and intention of the parties; and if their intention was that the proceeds of the sale of the corn should be applied, as alleged, to the payment of the note, it was the province of the jury so to find and to make that application of it which the parties had 'intended.' It is immaterial whether there was an expressed agreement or a mere tacit understanding of the parties to that effect. Their real intention, however manifested or ascertained, must govern. And tiiat it was their intention that the proceeds of the sale should be so applied the jury were, we think, warranted in finding. The evidence was circumstantial, but the circumstances were such as fully to authorize the conclusion drawn from them. The payees were in possession of the note of the defendant due when he delivered them the corn. Certainly they were to account for the proceeds of the corn when sold. From the fact of having received it, the law implies a promise on their part to do so. In the absence of any stipulation or understanding to the contrary it was their legal right to apply those proceeds when received to the payment of the note, and in the absence of proof to the contrary it is fair to presume that such was the .understanding and intention of the parties. If a different application was intended or was made, it was competent for the plaintiff to have shown it. The defendant was entitled to every defense to the note to which it would have been subject had suit been brought by the payees. (Hart. Dig., arts. 611, 612.)
The courf, cliH not err in deciding that the value of the corn might be con *77 sidered and applied to the payment upon the note, and we are of opinion that the judgment be affirmed.
Judgment affirmed.