Barnett v. Pratt.

----

BURTON BARNETT v. THOMAS H. PRATT.

FILED JUNE 29, 1893. No. 5128.

1. Action by Third Person on Promise to Another for His Benefit: PLEADING. A brought suit against B, alleging that C was indebted to A for wages; that B purchased C's business, out of which the debt arose, and in part consideration agreed to pay C's debt to A; that this agreement was omitted from an instrument in the form of a receipt set out in the petition, and containing other terms of the transfer, and that the omission was to prevent a third person from learning of the promise. *Held,* That the petition stated a cause of action.

2. ———: PAROL EVIDENCE: STIPULATION OMITTED FROM WRITING BY AGREEMENT. Such a promise, omitted from a written agreement, may be proved by parol where the promisee was induced to execute the writing on the faith of the oral promise.

3. ———: ———: ———: STATUTE OF FRAUDS. Such a promise is not within the statute of frauds.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Thomas C. Munger*, for plaintiff in error.

*J. A. Marshall* and *J. L. Caldwell, contra.*

IRVINE, C.

This action was begun by the plaintiff in error against the defendant in error in the district court of Lancaster county. The petition alleges, in substance, that the plaintiff had been in the employ of one William J. Pratt, as a laborer in his livery stable, and that about September 26, 1890, William J. Pratt was indebted to plaintiff for wages in the sum of $125.93; that about that date William J. Pratt sold said livery stable to the defendant, who, in part consideration of said purchase, agreed with William J. Pratt that he would pay to the plaintiff said debt; that at the time of the sale there was executed by William J. Pratt an instrument in writing as follows:

"Received from Thomas Pratt three hundred and fifty dollars, cash in hand, and said Pratt also agrees to pay C. L. Hooper one hundred and fifty dollars on note, and ac., also $1,450 per mem. of mortgages now on file, in all making $1,950, for the following property, to-wit: Fourteen head of horses, six buggies, two carriages, two hacks, two sleighs, four single harnesses, six sets double harnesses, all whips and robes, one farm wagon, all hay now in barn, everything belonging to me now in livery barn, No. 1624 O street, in city of Lincoln; also all leases and insurance that I hereby assign to said Pratt; also all hay in said barn, this being a receipt in full for all the above property.

"W. J. PRATT."

The petition further alleges that at the time of the execution of the writing the defendant called William J. Pratt aside and requested that no mention should be made in said writing about the payment by defendant of said amount to plaintiff, because one Hooper, who was present and who furnished the defendant with the purchase money,

was unwilling and objected to such a bargain, and it was then and therefore agreed by and between said William J. Pratt and Thomas H. Pratt that this portion of the agreement should not be stated in this writing.   The petition asked judgment against the defendant in the sum named.

Upon the trial the plaintiff called William J. Pratt as a witness, whereupon the defendant objected to the introduction of any evidence to vary, change, or contradict the terms of the written contract pleaded, and also objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action. The plaintiff then offered to prove by the witness, substantially, the matters set out in the petition; with the additional offer to prove that witness agreed to sign the written instrument, only upon condition that defendant should pay plaintiff.   The objections were sustained and a verdict directed for defendant.

By the case of *Shamp v. Meyer*, 20 Neb., 223, it is settled that where one makes a promise to another for the benefit of a third person, such third person may maintain an action upon the promise, though the consideration does not move directly from him.   That case is in line with the great weight of American authority to the effect that the person for whose benefit a promise is made may sue upon that promise, although not a party to the consideration.   The purpose of the American rule seems to have been largely to avoid circuity of action.   It may probably be assumed that in order to permit such third person to sue, the contract must be one which might be enforced between the immediate parties thereto; in fact, many of the cases state the rule in these terms.

Upon this theory the defendant contends that the plaintiff cannot maintain this action because of the rule forbidding parol evidence to change, add to, or contradict the terms of a written agreement.   We cannot regard the instrument referred to in the petition as a contract complete

in itself. It purports only to be a receipt. It is signed only by W. J. Pratt, and not by the party assuming these obligations, and its whole effect is that of an informal memorandum, and not the expression of a complete contract. Further, it is settled by a considerable line of authority that where the execution of a written agreement has been induced upon the faith of an oral stipulation made at the time, but omitted from the written agreement, though not by accident or mistake, parol evidence of the oral stipulation is admissible, although it may add to or contradict the terms of the written instrument. Among the cases establishing this principle are: *Chapin v. Dobson*, 78 N. Y., 74; *Ferguson v. Rafferty*, 128 Pa. St., 337. The same doctrine substantially has been adopted by this court. (*Norman v. Waite*, 30 Neb., 302.) It will be observed that the allegations of the petition and the evidence offered brought the case strictly within this rule.

While the point is not urged in the briefs, it might be, with considerable force, argued that the promise sued on is within the statute of frauds, as being a promise to answer for the debt of another. The case of *Shamp v. Meyer*, already cited, does not settle this question, for in that case the promise was for the benefit of the debtor and not the creditor. While a great many cases hold that such a promise cannot be sued upon by the creditor, for the reason that it is a promise to answer for the debt of another, and within the statute, authorities to the contrary are about equally numerous, and, except in a very few cases, it has always been held that a promise is not within the statute when made in consideration of the transfer of property or funds out of which the debt should equitably be paid, and that in such case the creditor may sue. Without determining whether this distinction is well founded in reason, it suffices to say that the construction of the statute of frauds is so largely a matter of precedent that the doctrine thus established should be followed.

We think the judge erred in excluding the evidence and the judgment is therefore reversed and case remanded.

REVERSED AND REMANDED.

THE other commissioners concur.