## JASPER HUFFMAN V. WILLIAM ELLIS.

FILED MAY 8, 1902.   No. 10,709.

Commissioner's opinion, Department No. 1

1. **Evidence:** SEPARATE ORAL AGREEMENT BY PARTIES TO WRITTEN CONTRACT: EVIDENCE. Evidence tending to establish a separate oral agreement between the parties to a written contract, as to matters upon which such contract is silent, if it does not tend to vary or contradict the terms of the written document, is admissible.

2. **Instructions.** Instructions examined, and *held* properly given.

ERROR from the district court for York county. Tried below before BATES, J. *Affirmed.*

*George B. France* and *Arthur W. Wray,* for plaintiff in error.

*F. C. Power, contra.*

KIRKPATRICK, C.

This action was brought in the district court of York county by Jasper Huffman against William Ellis. Plaintiff, in his petition, set up two causes of action. As a first cause of action, plaintiff alleged that the defendant authorized him to sell his farm in York county for $4,000, and appointed him agent to make such sale, agreeing to pay therefor a commission of two per cent., this agreement being evidenced by a written memorandum dated August 9, 1890, and signed by defendant; that plaintiff did procure a purchaser at the price and upon the terms stated; and that defendant refused to complete the sale. As a second cause of action, it was alleged that defendant thereafter authorized and empowered plaintiff to sell the farm for $4,500, for which he agreed to pay him a commission of two per cent.; that he found a purchaser willing and able to purchase the land at the price named; and that defendant again refused to sell. To this petition defendant filed

an amended answer in which he alleged that on the 9th day of August, 1890, he was the owner of the land described in the petition, which was encumbered by a first mortgage of $2,000 and interest; that he was otherwise indebted to various persons, and that he was desirous of selling the land immediately, in order to relieve himself from the burden of this indebtedness; that in the year of 1890, there had been a crop failure, and that this matter was talked over with plaintiff and understood by him, and that defendant would take $4,000 for the farm, provided the sale could be made soon; that no sale of the premises having been made in March, 1892, defendant, in order to meet his obligations, was obliged to put a larger mortgage on the farm, in the sum of $2,500; the answer concluding with a general denial as to all other matters alleged in the first cause of action. As to the second cause of action, defendant admitted that he was the owner of the land described, and denied generally all the other allegations. A reply was filed, denying generally all new matter contained in the answer. Trial was had to a jury, which resulted in a finding and judgment for defendant, to reverse which the case is brought to this court by petition in error.

It is urged that there was error in the proceedings of the trial court in the admission of evidence and in the giving of instructions Nos. 1 and 3 given at the request of defendant in error. These objections will be considered in their order.

Plaintiff in error contends that, inasmuch as a memorandum in writing was signed by defendant in error, this constituted a contract between the parties, and that evidence admitted by the trial court regarding conversations had between the parties tending to show that there was an agreement and understanding that, if the sale was made at $4,000, it should be made soon after the plaintiff in error was authorized to sell the land, was evidence tending to vary and contradict the terms of a written document, and was therefore inadmissible. This objection is not well

taken. The memorandum does not contain all of the agreements entered into between the parties. It is signed only by defendant in error, and does not purport to contain all of the covenants and agreements to be performed by the plaintiff in error. Moreover, it is silent as to the time within which the sale was to be made, and oral evidence tending to show the agreement of the parties as to the time within which the sale was to be made does not tend to vary or contradict the terms of the memorandum, and such evidence was admissible.

It is next contended that the court erred in giving instruction No. 1 at the request of defendant in error, which is as follows: "The jury are instructed that if an agent for the sale of real estate contracts to sell the same upon other or different terms than those which he is authorized by his principal to make, the principal would not be bound by such contract so as to make him liable to the agent for the commission in making such sale." It is urged that this instruction does not respond to the issues raised by the pleadings, and that, under the evidence, the instruction ought not to have been given. It is contended that to sustain the instruction in the language given, the answer must have pleaded that plaintiff in error procured a purchaser upon other and different terms than those authorized by his contract. We can not assent to this contention. Plaintiff in error, in order to recover, must have pleaded and proved that he was appointed agent, and that he procured a purchaser ready and willing to consummate the purchase upon the terms authorized by his principal. These allegations were contained in his petition, and were denied by the answer. This clearly presents the issue covered by the instruction. The testimony showed that in March, 1892, defendant in error, after negotiating a new loan for $2,500, notified plaintiff in error that he would not sell the farm, after going to the great expense of negotiating a new loan, for less than $2,000 above the $2,500 mortgage. The testimony further shows that in the fall of 1892, plaintiff in error procured a purchaser who

44

was willing to purchase the farm for $4,000, which was $500 less than the price at which he was authorized to sell. Again, late in the fall, the testimony tends to show that he procured a purchaser who was willing to purchase the place for $4,500, subject to the $2,500 mortgage, drawing interest at the rate of six per cent. per annum. In the spring of 1892 defendant in error made the new loan. He gave a mortgage for $2,500, drawing interest at six per cent., and gave a second or interest mortgage for $250; being two per cent. interest for the five years the loan was to run. The record clearly shows that defendant in error understood that he was to have $2,000 for the farm, above this $2,500 mortgage. The second purchaser whom plaintiff claims to have procured was only willing to pay $1,750 in cash for the place, which would be a deduction from the price at which defendant in error agreed to sell of the $250 interest mortgage, representing the interest not due, but accruing during the next five years. It is quite clear that plaintiff in error was not authorized to make either of the sales which he attempted to make upon the terms at which he procured the purchasers. It is therefore quite clear that the first instruction complained of was correctly given, under the issues made by the pleadings and the evidence in the case.

Instruction No. 3, regarding which complaint is made, is as follows: "The jury are instructed that when the owner of property employs another as agent to sell same without agreeing upon any time for which the agency is to continue, either party may determine the agency at any time by giving notice of his intention so to do, and if you find in this case that the defendant did so notify the plaintiff not to sell the property in question before the plaintiff entered upon negotiations with the alleged purchaser Hoyt, then you should find for the defendant upon the second cause of action." The objection made to this instruction is the same as that made to instruction No. 1; that is, that the instruction was not properly given in view of the fact that the answer filed by defendant in

error as to the second cause of action was a general denial. As we have seen, this objection can not be sustained. Again, instruction No. 7 given by the court upon its own motion, is in all respects substantially like the instruction complained of, and to the giving of such instruction plaintiff in error saved no exceptions. There seems to be no doubt that under the issues raised by the pleadings, and the evidence introduced, the instructions correctly stated the law. There is no complaint that the verdict is not sustained by the evidence.

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.