THERON C. HECHT, APPELLEE, V. ALBERT F. MARSH,
APPELLANT.

FILED DECEMBER 31, 1920. No. 21142.

1. **Statute of Frauds: ESTOPPEL.** Equity will not allow the statute of frauds to be used as an instrument of fraud, and where a party to a written contract within the statute induces the other to waive some provision thereof upon which he is entitled to insist, and to change his position to his disadvantage with respect thereto, by himself promising to modify it with respect to some provision for his benefit, he will be estopped to claim that such subsequent oral modification is invalid because not in writing.

2. **Evidence: ADMISSIBILITY.** In defense to a broker's action for the commission stipulated in his written authority to sell land, the principal alleged, and offered parol evidence to prove, that negotiations with the purchaser were about to fail because the latter could not meet the terms upon which the broker was authorized to sell, when the broker, in order to induce the principal to sell on other terms, orally proposed that, if he would conclude the sale on those terms, he would claim no commissions unless the purchaser performed his contract, and that he consented to the sale upon modified terms in reliance upon that condition. The purchaser refused to perform. *Held*, error to refuse to receive the offered evidence.

3. **Vendor and Purchaser: EXECUTORY CONTRACTS: VALIDITY.** An erroneous recital in an executory contract for the sale of land as to the valuation fixed upon a certain tract in the transaction will not invalidate it for uncertainty or prevent its enforcement, where the ambiguity is explained and the real valuation intended by the parties is disclosed by the other provisions of the contract.

4. ——: ——: **ESTOPPEL.** The vendor in an executory land contract, who covenants to accept the conveyance of a certain tract therein described in part payment of the purchase price of his land, will not be heard to say that the contract was void because of an erroneous recital therein of the valuation placed upon said tract, where it appears that he intended to accept it at its true valuation nowithstanding the error, and was not misled or injured thereby.

APPEAL from the district court for Arthur county: RALPH W. HOBART, JUDGE.  *Reversed.*

*Beeler, Crosby & Baskins,* for appellant.

*Hastings & Hastings* and *Scott & Scott, contra.*

DORSEY, C.

The plaintiff, Theron C. Hecht, recovered judgment upon a directed verdict against the defendant, Albert F. Marsh, upon a real estate broker's written contract for the sale of the defendant's land in Arthur county, which provided for the payment of a stipulated cash commission "if a sale is made, or a purchaser therefor found, at the price and upon the terms specified herein, or at any other price or terms which I may hereafter authorize or accept." The terms specified were that the land might be sold for $9,600, of which $2,920 was to be paid in cash, $2,100 by the purchaser assuming incumbrances in that amount, and the remainder to be arranged "to suit purchaser."

The plaintiff brought the defendant and one Jack Baker together, and on April 25, 1917, a written sale contract was executed whereby Baker agreed to purchase the land at $9,600, to be paid by his deeding to the defendant a quarter section in Perkins county, assuming existing mortgages on defendant's land in the sum of $2,100, and giving a new mortgage back to the defendant on the land conveyed to Baker in the sum of $3,500. This contract called for the furnishing of good and sufficient deeds and abstracts of title mutually by the parties not later than May 10, 1917. But about May 1, 1917, Baker notified the defendant by letter that he would not fulfil the contract, and it was never carried out, the defendant taking no steps to enforce it.

In his petition the plaintiff set out the broker's contract and alleged that the sale contract above mentioned was entered into through his efforts pursuant thereto; that he had fully performed and was entitled to the stipulated commission, for which he prayed judgment.

The answer set up Baker's failure to comply with the terms of the sale contract, and averred that at the time of the negotiations with Baker the defendant insisted that a forfeit be deposited and stated that he would not sign a contract without such forfeit; and that, in order to secure his signature to the contract, the plaintiff orally agreed with the defendant to waive any claim to commissions unless the sale should be completed in accordance with the terms of the contract. These allegations were put in issue by reply.

The defendant offered parol evidence at the trial to prove, in substance, that after the negotiations between Baker and himself were about to fail because of Baker's inability to post forfeit money, the plaintiff, in order to prevent a failure of negotiations and to induce the execution of a contract of sale, orally agreed to make his claim for commissions in the transaction contingent upon the purchaser's compliance with the contract. The offered evidence was excluded, and an issue of law is thus squarely presented as to whether a contract between a landowner and a broker required by the statute to be in writing is susceptible of subsequent parol modification with respect to the compensation provided for therein.

It has been held by this court that the general rule prohibiting the subsequent oral modification of contracts required by the statute to be in writing applies only with respect to those provisions which the statute expressly requires to be contained in the writing in order to make it valid. *Hetzel v. Lyon,* 87 Neb. 261; *Rank v. Garvey,* 66 Neb. 767. Two provisions only are specifically mentioned in section 2628, Rev. St. 1913, as essential to contracts employing brokers to sell land, namely, that the land be described and the compensation set forth. The modification which the defendant set up in his answer and offered to prove in the instant case relates to the compensation; the plea is that the defendant's agreement under the written contract to pay the stipulated commission, in case the plaintiff made a sale on terms satisfactory to the

defendant, was changed by subsequent oral agreement into a promise to pay it only in the event that the purchaser should perform his contract. If, therefore, the rule of the cases last cited is to be rigorously applied, there was no error in the exclusion of the offered evidence.

If there is any factor in the instant case which removes it from the operation of that rule, it must be found in the fact that when, according to the defendant's offered proof, the negotiations were about to fail because of Baker's inability to meet the defendant's terms, the plaintiff interposed between the parties, and offered the defendant an inducement to waive his right to insist upon those terms by promising not to claim commissions if Baker did not perform. Taking the defendant's offer of proof as true, the situation was that Baker was not ready to deal upon the terms upon which the defendant had authorized the plaintiff to sell his land. Instead of $2,920 in cash, he proposed to pay no cash at all, but to put in his land in Perkins county as the equivalent of $4,000 of the purchase price. Not only was Baker's proposition a material departure from the terms upon which the defendant had authorized his land to be sold, but Baker was unwilling or unable to comply with the custom in such transactions and to put up forfeit money as an evidence of good faith. Under those conditions it would not be unlikely that the defendant was reluctant to approve the proposition and to enter into a contract for the sale of his land, thus subjecting himself to the payment of commissions, without adequate assurance that Baker would perform on his part.

It was, moreover, the defendant's absolute right to stand upon the terms embodied in his authority to the plaintiff to sell the land, and to refuse to negotiate with Baker upon other terms. According to the defendant's offered proof, that was his attitude until the plaintiff intervened with his offer to claim no commissions if Baker should fail to carry out his contract.

If the defendant had persisted in his refusal to deal with Baker on the altered terms, it will not be contended

that the plaintiff would have been entitled to commissions, because the latter would have failed in the primary condition of his right to commissions, which was to produce a purchaser able, ready and willing to buy upon the terms of the contract or upon any others that the defendant might approve. And if the defendant had consented to the altered terms without any inducement being held out to him by the plaintiff, his liability for commissions would be unquestionable. But in the instant case we have the additional element of persuasion or inducement utilized by the plaintiff to overcome the defendant's objections to the altered terms, in the form of an express promise to relieve the defendant of any liability to him if Baker did not perform. The question is whether such a waiver, not in writing, under the accompanying circumstances of influence exerted upon the defendant to overcome his resistance and induce him to execute a contract that he would not otherwise have entered into, will operate to modify the plaintiff's right to commissions under the written broker's contract.

Aside from the special circumstance that the writing was one within the statute of frauds, we should instantly say that the situation presented was such as general considerations of equity ought to preclude the plaintiff from taking advantage of. Yielding to the influence of the plaintiff's offer to waive commissions if the purchaser failed to perform, the defendant waived the terms upon which he had the right to insist and entered into a contract which, within a week, the purchaser expressly repudiated and refused to fulfil. Will the fact that the contract was within the statute of frauds prevent its subsequent oral modification under circumstances which, in the case of a contract not within the statute, would estop a party to it from denying the modification?

In *Simonton, Jones & Hatcher v. Liverpool, London & Globe Ins. Co.*, 51 Ga. 76, the following rule is announced: "Equity will not allow the statute of frauds to be used as an instrument of fraud, and will decree specific

Hecht v. Marsh.

performance or hold the maker of a parol contract estopped from denying it when the other party, by virtue of it, and under and in pursuance of it, has so far acted as that it would be aiding in a fraud to permit the contract to be repudiated.  And what equity would do, our courts of law, under proper allegations, will also do." When applied to this case, the rule would mean that if the plaintiff, by his conduct in assuring the defendant that he would be out nothing in commissions if Baker failed to perform, lulled the defendant into a sense of security, induced him to abandon objections upon which he had the right to insist, and persuaded him to make a contract that he would not otherwise have entered into, equity would not permit the plaintiff to repudiate his oral agreement on the ground of the statute of frauds.

*Gerard-Fillio Co. v. McNair,* 68 Wash. 321, is a case in which the facts bear considerable similarity to those in the instant case.  There the broker, in order to overcome the objections of his principal to a certain proposed exchange which was not according to the terms prescribed in his written authority, consented, in lieu of the agreed commission, to accept a sum of money and the conveyance of certain lots.  The principal thereupon entered into the exchange, the properties changed hands, and the principal paid the sum of money and tendered conveyance of the lots to the broker.  The latter accepted the money but refused the lots, and sued for the remainder of his commissions under the original contract, claiming, as does the plaintiff in the instant case, that the oral modification as to his commissions was invalid with respect to a contract within the statute of frauds.  The court held the oral modification binding because the broker "not only induced the appellants to pay it the sum of $200, but it induced the appellants to enter into an exchange of properties which it would not have entered into had the modified agreement not been made."  In that case the decision was based partly upon the fact that the exchange of properties had been effected and part of the commission paid and accepted and

the remainder tendered under the contract as modified, and partly upon the rule that the broker was estopped by his conduct; but the existence of the latter rule was recognized.

It has been held in some cases that the subsequent oral modification of a contract required by the statute to be in writing is invalid unless it appears that the parties afterwards executed and performed the contract as modified. In such cases they would have estopped themselves from questioning the modification by their subsequent conduct in acquiescing in and accepting the contract as modified, evidenced by their performance of it. Such was the holding of this court with reference to the oral modification of the rental stipulated in a written lease, whereby a decreased rental was paid and accepted. *Bowman v. Wright,* 65 Neb. 661.

In the instant case, however, the contract as orally modified does not, under the defendant's pleading and offered proof, rest upon estoppel arising from the subsequent acquiescence of the parties in it, but upon estoppel arising from the precedent conduct of one of the parties in inducing the other to change his position in reliance upon it. According to his theory, the defendant was acting upon the commission contract as orally modified, when he signed the contract with Baker; under the plaintiff's theory, on the contrary, in signing that contract, the defendant was acting upon the original unmodified commission contract. The making of the contract with Baker was not, therefore, an act so distinctly referable to the modified commission contract as clearly to mark it as an act of performance of that contract, as distinguished from an act in performance of the original contract. Thus, the alleged oral modification cannot be held valid on the theory of subsequent performance, unequivocally recognizing and executing the contract as modified, but only, if at all, upon the theory of estoppel arising from the precedent conduct of the plaintiff.

Hecht v. Marsh.

There is no reason, in our opinion, why a party to a contract within the statute of frauds may not be estopped by his conduct from disputing a subsequent oral modification of it to the same extent as a party to any other contract. It is a principle of equity, superior to any technical or artificial legal rules, which takes effect whenever the assertion of such a rule would result in perpetrating or ratifying a fraud. We therefore conclude that the defendant was entitled to introduce evidence in support of the averments of his answer, and that there was, in his pleading as well as in the preliminary questions propounded to his witnesses, a sufficient foundation for his offered proof.

Another contention of the defendant is that the contract with Baker was so ambiguous with regard to the value at which the land in Perkins county was to be taken in the transaction as to indicate a mutual mistake which would render that contract unenforceable. The defendant covenanted to take this land at $3,350 and to assume a mortgage on it for $650. He contends that the figures should have been $4,000, as the amount at which the land was to be valued. We are convinced by our examination of the contract, however, that the value intended was $4,000, and this is disclosed by reading all the provisions of the contract together.

The defendant, moreover, cannot be heard to say that the contract was void because of an erroneous recital therein, since it appears from the record, independently of the contract, that he intended to take the land at $4,000, and that the alleged error in the contract did not mislead or injure him.

Because of error in the rejection of offered evidence, as aforesaid, we recommend that the judgment of the court below be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.