### RIDGELL v. FARMERS' NAT. BANK OF ROCKWALL. (No. 3093.)

(Court of Civil Appeals of Texas. Texarkana. July 16, 1925. Rehearing Denied Oct. 8, 1925.)

**1. Pleading** ⬅️21 — **Allegation that makers, not joined as defendants in suit on notes, were insolvent, held not nullified by allegation that plaintiff held liens against property belonging to them.**

Allegation of petition, in action against indorser and guarantor of notes sued on, that makers not joined as defendants were actually and notoriously insolvent (Vernon's Sayles' Ann. Civ. St. 1914, art. 1843), *held* not nullified by allegation that plaintiff held liens against property belonging to such makers.

**2. Evidence** ⬅️445(1) — **Evidence of oral agreement, superseding written guaranty of notes sued on, held admissible.**

In action against indorser and guarantor of notes sued on, defendant's testimony that written guaranty was superseded by oral agreement releasing him from undertaking in consideration of other undertakings, which he performed, to indorse some of notes, reduce his personal indebtedness to plaintiff, assist latter in securing release of coguarantor from guaranty of indebtedness to another, etc., *held* admissible to prevent fraud on defendant and its exclusion was error.

**3. Frauds, statute of** ⬅️131(1), 140—**Contract required to be in writing cannot be modified or rescinded by oral agreement, unless party relying thereon has performed undertaking.**

Contract in writing, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 2, cannot be modified or rescinded by subsequent oral agreement, unless party relying thereon has performed his undertaking so that refusal to enforce it would result in wrong to him.

**4. Bills and notes** ⬅️537(8)—**Whether amount received on account of indebtedness should be applied to satisfaction of notes indorsed by defendant held for jury, unless defendant was liable on guaranty.**

In action against indorser and guarantor of notes sued on, issue raised by answer and defendant's testimony as to whether amount received by plaintiff on account of indebtedness should be applied to full satisfaction of notes indorsed by defendant, should have been submitted to jury, if material, which depended on whether defendant was liable on guaranty, in which case amount of recovery would have been same as if such amount had been so applied.

**5. Trial** ⬅️352(4)—**Issue not made by pleadings should not be submitted to jury.**

Issue made by testimony, but not by pleadings, should not be submitted to jury.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Action by the Farmers' National Bank of Rockwall against T. B. Ridgell. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The suit was by the appellee bank against appellant on certain promissory notes dated December 7, 1920—one for $700 made by the Rockwall Cotton Oil Company, payable January 2, 1921; another for $377.50 made by the People's Gin Company, payable said January 2, 1921; and five others payable April 1, 1921, one for $5,000 made by the Rockwall Gin Company, another for $2,000 made by said Rockwall Cotton Gin Company, another for $1,000 made by said People's Gin Company, another for $500 made by the Austin Gin Company, and the other for $2,500 made by the Woods Gin Company. The notes were payable to appellee's order, and each of them stipulated for interest from its date at the rate of 10 per cent. per annum, and for 10 per cent. additional if it was not paid at its maturity, and was placed in the hands of an attorney for collection. It was alleged that the indebtedness evidenced by the notes was entitled to a credit of $6,953.65 as of September 28, 1923, the time when the suit was commenced. The respective makers of the notes were not made parties to the suit. As a reason why they were not, it was alleged in appellee's petition that each of them was "actually and notoriously insolvent." The theory upon which appellee sought a recovery against appellant on the notes was that he was liable both as an indorser and guarantor on the three of them last mentioned, and was liable as a guarantor on the others. The alleged liability of appellant as a guarantor was predicated on an instrument in writing executed by him and one R. L. Heflin September 17, 1917, whereby they bound themselves jointly and severally to pay the appellee bank, on demand, any and all sums of money due it by any of the makers (except the Austin Gin Company) of the above-described notes, and "to fully indemnify and save harmless the said bank against all loss, damage, or injury by reason of and arising from" its dealings with said makers, with the exception aforesaid. "It is intended

by this undertaking," it was recited in the instrument,

"that this guaranty shall extend to all future credits, advances, etc., and to be a continuing one, and shall bind the undersigned and their respective executors and administrators for the aggregate amount hereinafter fixed, for all discounts, loans, or other advances of every character made by said bank to any of said named companies until notice in writing has been received by said bank from the undersigned [appellant and said Heflin] of their desire to terminate this guaranty, and until the full liquidation and payment of all liability incurred by said companies during the existence of this obligation. It is expressly stipulated that the liability of the undersigned shall not exceed at any one time for all of said named companies [the sum] of $25,000."

By other terms of the instrument, indebtedness to the appellee bank evidenced by notes (dated June 8, 1917, payable on demand) as follows was excepted from the operation thereof: A note for $5,000 made by the Rockwall Cotton Oil Company; a note for $1,000 made by the Blackland Gin Company; and a note for $1,500 made by the Rockwall Gin Company. After hearing the testimony the court instructed the jury to return a verdict in appellee's favor. The appeal is from a judgment, based on such a verdict, awarding appellee a recovery against appellant of $9,004.28, the amount the jury found to be due on the notes sued upon.

A. H. Mount, of Dallas, for appellant.
Leake & Henry, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Appellant specially excepted to appellee's petition on the ground that there was a nonjoinder of necessary parties, to wit, makers of notes sued upon, and complains here because the trial court overruled his exception. It appears from the exception that it was on the theory that the allegation in the petition that appellee held liens against property belonging to makers of the notes nullified the allegation therein that said makers were "actually and notoriously insolvent." Article 1843, Vernon's Statutes. But, evidently, such was not the effect of the allegation as to the liens, for the makers of the notes could own property subject to appellee's claim against them and yet be insolvent. Bank v. Robinson (Tex. Civ. App.) 124 S. W. 177. As we view it, the ruling of the trial court was not error, and we therefore overrule the assignments numbered 1 and 6 in appellant's brief, as we do the one numbered 5 attacking as erroneous the action of the trial court in overruling appellant's "plea in abatement." The allegation in the plea was that each of the makers of the notes sued upon was solvent. It appears from the judgment that the plea was overruled, because no evidence supporting it was adduced at the trial.

Schaff v. Nash (Tex. Civ. App.) 193 S. W. 469; 1 C. J. 275; section 603 and notes.

[2] In his answer, appellant alleged, and complains here because the trial court on an objection interposed by appellee refused to permit him as a witness to testify, that the agreement of September 17, 1917, referred to in the statement above, was superseded by a new agreement entered into between him and appellee prior to December 7, 1920, whereby he was released from his undertaking as a guarantor, in consideration of other undertakings on his part (performed, he alleged and would have testified) as follows: (1) To indorse three of the notes sued upon, specified in said statement. (2) To reduce his personal indebtedness of about $5,000 to appellee. (3) To assist appellee in securing from the Security National Bank of Dallas a release of said R. L. Heflin, or his estate, from an undertaking whereby he and appellant guaranteed the payment of certain indebtedness to said Security National Bank. (4) To assist appellee in selling property belonging to makers of the notes sued on for the purpose of satisfying indebtedness of said makers to appellee.

[3] The ground of the objection to the testimony (and on which it was excluded by the court) was that it tended to vary said contract of September 17, 1917, which was, and which was required by the statute of frauds (article 3965, subd. 2, Vernon's Statutes) to be, in writing.

The general rule is that such a contract cannot be modified or rescinded by a subsequent oral agreement between the parties. Gardner v. Sittig (Tex. Civ. App.) 188 S. W. 731; Id. (Tex. Com. App.) 222 S. W. 1090; McDonald v. Whaley (Tex. Com. App.) 244 S. W. 596; Adams v. Hughes (Tex. Civ. App.) 140 S. W. 1163; Gurley v. Hanrick (Tex. Civ. App.) 139 S. W. 721; Beard v. Gooch, 62 Tex. Civ. App. 69, 130 S. W. 1022; Publishing Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867. An exception to the rule exists, it seems, where the party relying on the subsequent oral agreement has performed his undertaking thereunder, so that a refusal to enforce it would result in wrong to him. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; Lechenger v. Bank (Tex. Civ. App.) 96 S. W. 638; Adams v. Hughes (Tex. Civ. App.) 140 S. W. 1163; Baker v. Robertson (Tex. Civ. App.) 163 S. W. 326; Hecht v. Marsh, 105 Neb. 502, 181 N. W. 135, 17 A. L. R. 1, and annotation page 10; 27 C. J. 343, 347, 356.

Under the general rule stated, it is plain, we think, it was not error to exclude the testimony in question. Hence, as we view the matter, if there is merit in appellant's complaint it must be because the excluded testimony would have warranted a finding that the case was within the exception to the rule. Appellant was under no legal obligation to indorse the three notes referred to, nor to as-

sist appellee in securing the release from the Dallas bank to the Heflin estate, nor to assist appellee in selling property belonging to makers of the notes. If he nevertheless did those things because of an undertaking of appellee, which he relied upon, to release him from liability he had incurred under the guaranty of September 17, 1917, it seems to us it would operate as a fraud on him to permit appellee to assert that its undertaking was not binding upon it because not in writing. Therefore we think the trial court erred when he excluded the testimony in question, and when he sustained appellee's objection on the same ground to testimony of the witness J. O. Wallace—to practically the same effect, it appears from a bill of exceptions in the record.

[4] Appellant insists the court erred when he instructed the jury, peremptorily, to find in appellee's favor, because, he says, an issue was presented which should have been determined by them as to whether the $6,953.65 which appellee acknowledged it received on account of the indebtedness sued on should be applied to the satisfaction in full of the three notes indorsed by him, specified in the statement above. Appellant alleged in his answer that appellee was instructed, and agreed, to so apply said $6,953.65, and as a witness he testified:

"As to the matter of application of payments, I make no objection to the amount the bank allowed on indebtedness, but the understanding and instructions were, and my request was then and now is that they be applied in the notes I had indorsed."

It seems, therefore, that the issue was made as claimed, and if it was a material one it should have been submitted to the jury. Whether it was a material issue or not depended, we think, upon whether appellant was liable on the guaranty sued upon or not. If he was liable on that instrument the issue was a wholly immaterial one; for in that event the amount of the recovery in appellee's favor would have been as it was had the $6,-953.65 been applied to the satisfaction in full of the three notes specified.

[5] Another theory on which appellant insists it was error to instruct the jury, as stated, was that an issue was presented which should have been determined by them as to whether appellee used funds to satisfy the three notes mentioned in the statement above as excepted from the operation of the guaranty of September 17, 1917, which it should have used to satisfy the notes sued on. As we view the record, such an issue, if made by the testimony, was not made by the pleadings, and the contention is therefore not tenable.

Because of the error of the court in excluding the testimony referred to, the judgment is reversed, and the cause is remanded to the court below for a new trial.