TODD A. DORAN, APPELLANT, V. NATIONAL SURETY COMPANY, APPELLEE.

FILED SEPTEMBER 22, 1933. No. 28396.

*Fred C. Foster* and *Perry W. Morton,* for appellant.

*Hall, Cline & Williams* and *Smith, Schall & Sheehan,* contra.

Heard before Goss, C. J.; Rose, Day and Paine, JJ., and Begley, Landis and Meyer, District Judges.

Landis, District Judge.

Plaintiff Todd A. Doran instituted two actions, which were consolidated, upon two bonds of the National Surety Company, defendant. The jury returned a verdict for defendant, separate motions for new trial were filed, overruled, and plaintiff appeals to this court. Plaintiff and defendant below appear as appellant and appellee respectively.

Two bonds were executed by the National Surety Company, appellee, covering the performance of two contracts made by Todd A. Doran, appellant, as owner, and E. L. Lowell, as contractor. These contracts provide for the construction of buildings in Lincoln, Nebraska. Appellant claimed that the contractor, Lowell, failed to perform the provisions of the contracts, and the contractor claimed the owner failed to perform the provisions of the contracts. Each of the contracts was modified by supplemental agreements between appellant and the contractor.

The real issues involved are: (1) The contracts and supplemental contracts, the inducements and considerations for them. (2) What was done under and by virtue of these contracts. (3) Who breached the agreements, appellant or the contractor.

Appellant claims error in assignments one to three, inclusive, that the verdict of the jury was given under the influence of passion or prejudice, not sustained by sufficient evidence, and contrary to the evidence.

Appellant failed to call the attention of the trial court in his motions for new trial of his present claim that the verdict was the result of passion or prejudice. Hence, this assignment of error cannot be reviewed in this court. Even so, we can say from a careful reading of the record that the assignment claiming passion or prejudice is without merit. *Green v. Tierney*, 62 Neb. 561.

The real issue litigated was who breached the contracts.

If the appellant did, he would not be entitled to recover. If the contractor Lowell did, then the appellee as his surety would be liable for the amount of damages sustained by appellant. Appellant's evidence tended to show that he was not obliged to pay the contractor under the supplementary agreements until the work was entirely completed. The evidence upon the part of the appellee showed that the contractor, at the time of the original contracts, was to be paid as mutually agreed by himself and appellant; that the supplementary agreements were executed for the benefit of the appellant and likewise it was intended under these that payments should be made as the work progressed; that appellant did not pay the construction money as the work progressed and thereby it became impossible to continue with the work. Upon conflicting testimony the jury found generally for the appellee, and this verdict is sustained by competent evidence. Assignments of error that the verdict is not sustained by sufficient evidence and contrary to the evidence must be considered as not well taken.

Assignments of error four to nine, inclusive, are made to the instructions of the trial court. Largely the appellant's complaint is that the evidence does not warrant the instructions given. From a reading of the entire record we find such complaint cannot be sustained. The instructions fairly present the issues and are free from prejudicial error.

As to instruction number seventeen on the measure of damages, there can be no ground for complaint, because it follows the instructions on this subject submitted by the appellant to the trial court, besides it was without prejudice since the verdict was a general one finding for the appellee.

Assignments of error ten and eleven are directed to evidence admitted and refused. Appellant's brief does not discuss his claim as to refusal of testimony, and hence assignment of error eleven will not be considered.

Assignment of error ten relates to the evidence of con-

versations between appellant and contractor Lowell as to the payment of the construction money. Appellant makes scant reference in his brief to this claim of error and cites no authorities upon which he relies. Nevertheless we have carefully read the record and noted the objections made to the testimony therein. Appellant's objections to the testimony are under the fundamental rule that parol or extrinsic evidence will not be received to vary or add to the terms of a written agreement. This rule of exclusion, however, has many well-recognized exceptions which limit its effect. Evidence tending to establish a separate oral agreement between the parties to a written contract as to matters upon which the contract is incomplete is admissible if it does not vary or contradict the terms of the same. *Huffman v. Ellis,* 64 Neb. 623. Likewise, a promise not specifically included in a written contract may be proved by parol where the contract was executed on the faith of the promise. *Hecht v. Marsh,* 105 Neb. 502. Considering the limitations on the parol evidence rule created by the well-recognized exceptions, we must hold assignment of error ten without merit.

The issues in this case were properly submitted to the jury and the record is free from prejudicial error.

The judgment of the district court is therefore

AFFIRMED.