FORD et al. v. LURIA STEEL & TRAD-
ING CORP.

No. 14298.

United States Court of Appeals
Eighth Circuit.

Dec. 3, 1951.

Albert G. Schatz and Harold W. Kauffman, Omaha, Neb. (Gross, Welch, Vinardi & Kauffman and Daniel J. Gross, all of Omaha, Neb., on the brief), for appellants.

Alexander McKie, Jr., Omaha, Neb. (Finlayson, McKie & Kuhns and Barton H. Kuhns, all of Omaha, Neb., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal challenges the validity of a summary judgment, Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., in so far as it dismissed a counterclaim of the defendants (appellants). The defendants assert that their counterclaim presented a genuine issue of fact triable by a jury, and that the plaintiff (appellee) was not entitled to judgment as a matter of law upon the issues raised by the counterclaim.

The plaintiff brought this action to recover $22,297.92 and interest, upon the claim that that was the balance due it from the defendants upon a promissory note, which they had endorsed with recourse, and upon an alleged account stated. The defendants in their answer denied liability and set up the following counterclaim:

"That on or about the 9th day of January, 1948, these defendants entered into an oral agreement with plaintiff, whereby these defendants were to buy, for and on behalf of the plaintiff, scrap iron and steel, to be resold by the plaintiff and the profit, above the purchase price paid by the defendants, to be equally divided between the plaintiff and these defendants. That between March 23, 1948, and November 17, 1948, these defendants bought and shipped, pursuant to said aforesaid oral agreement, approximately 4,000 tons of steel, iron and scrap which was later resold by the plaintiff at a profit of approximately $20.00 per ton, to wit: A total profit of approximately $80,000.00, to which these defendants are entitled to one-half, to wit: $40,000.00, which is due and owing by the plaintiff to these defendants, no part of which has been paid."

In answer to this counterclaim the plaintiff denied the existence of any such oral agreement, denied the shipment by the defendants of steel, iron and scrap to be resold by the plaintiff pursuant to an oral agreement for the sharing of profits, and denied that the plaintiff realized $20 per ton on such material purchased by it from the defendants. The plaintiff alleged that all shipments of steel, iron and scrap made by the defendants to the plaintiff between March 23, 1948, and November 17, 1948, were made pursuant to written contracts, and that each contract constituted a separate and distinct transaction and was not made pursuant to any other agreement.

The plaintiff also alleged that on or about May 16, 1949, an account was stated between the parties showing that the defendants were indebted to the plaintiff in the sum of $26,297.92, and that, as security for this indebtedness of the defendants, the plaintiff accepted a note of the Ford Mfg. Co. in the principal amount of $25,500, payable to the defendants and endorsed with recourse by them to the plaintiff, and that, by reason of this account stated, the defendants were estopped to claim that any amounts are due them from the plaintiff.

As a further defense to the counterclaim, the plaintiff asserted that none of its officers or agents had, at any time, authority to enter into oral agreements with the defendants or others.

The plaintiff, after a motion made by it for a partial summary judgment had been denied, D.C., 9 F.R.D. 479, filed its motion

(with supporting affidavits and exhibits) for a summary judgment, asserting that there was in the case no genuine issue as to any material facts and that the plaintiff was entitled to judgment as a matter of law. The District Court granted the plaintiff's motion upon two grounds: (1) that the transactions between the plaintiff and the defendants covered by the asserted oral profit-sharing agreement forming the basis for the counterclaim were all evidenced by written purchase contracts, complete upon their face, and that parol evidence to vary, contradict or supplement the terms of such contracts would not be admissible; and (2) that the evidence of E. J. Ford tending to show the existence of the alleged oral profit-sharing agreement was so unsubstantial and so inconsistent with his subsequent actions and statements and the documentary evidence of the dealings between the parties that a verdict for the defendants upon the counterclaim could not be sustained.

▮ We question the validity of the second reason given by the District Court for its action. A surmise or belief, no matter how reasonably entertained, that a party cannot prevail upon a trial, will not justify refusing him his day in court with respect to material issues which are not clearly shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801. It has become settled law that a genuine issue as to a material fact cannot be tried and determined upon affidavits, and that it must conclusively be shown that there is no such issue in the case and that the moving party is entitled to judgment as a matter of law, before a summary judgment can lawfully be entered. See Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322–323; Sprague v. Vogt, supra, 150 F.2d 795, 800–801; Colby v. Klune, 2 Cir., 178 F.2d 872, 873; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, 915–916; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881.

The controlling question in this case is whether evidence to establish the defendants' alleged oral profit-sharing agreement would be admissible upon a trial. Nothing is more futile than calling a jury to determine a fact the existence of which is not susceptible of proof. The defendants on this appeal are in no worse position than they would have been in had the District Court upon a jury trial excluded the evidence tending to establish their alleged oral agreement and directed a verdict and entered a judgment for the plaintiff.

The conclusion of the District Court with respect to the admissibility of parol evidence to sustain the defendants' counterclaim is stated as follows: "It is shown by the exhibits attached to the Pretrial Order and by the affidavit attached to the plaintiff's motion for summary judgment that there were only seven transactions between the plaintiff and defendants which could be involved in the defendants' counterclaim. * * * All seven of these transactions were covered by written contracts of purchase and sale entered into and signed by the parties. Photostatic copies of the contracts are attached to the affidavit and made a part of the record. The contracts are clear and unambiguous on their face and there is no indication that there was any fraud, accident or mistake in connection with their execution. Consequently, the deposition and oral testimony of E. J. Ford concerning the oral agreement, which by his own testimony is the only evidence of this agreement, there being no written memoranda, would not be admissible in the trial of the case. It is well established that parol evidence is not admissible to affect, contradict, modify, vary, add to or subtract from a written instrument. 32 C.J.S., Evidence, § 851; 20 Am.Jur. 958; Theno v. National Assurance Corp., 133 Neb. 618, 276 N.W. 375, 377; Walter v. Sohio Petroleum Co., 402 Ill. 33, 83 N.E. 2d 346. Since the terms of the alleged profit sharing agreement are inconsistent with the terms of the written contract, the terms of the latter, must, as a matter of law, control; as a result there remains no genuine issue as to any material fact."

■ If, under the applicable law of Nebraska, the conclusion of the District Court is a permissible one, it should not be overruled by this Court. See National Bellas Hess, Inc., v. Kalis, 8 Cir., 191 F.2d 739; Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43 and cases cited.

■ The defendants contend that the seven written purchase agreements were not complete contracts, but were "merely shipping notations" which did not purport to include all of the terms of the entire agreement between the parties, and could therefore be varied and enlarged by parol evidence. We think the contracts for the purchase and sale of the specified materials at specified prices are not subject to supplementation upon the theory that they purported to be incomplete expressions of the terms agreed upon by the parties.[1] See and compare S. Spiegel & Son v. Alpirn, 107 Neb. 233, 244–246, 185 N.W. 415, 419–420.

The defendants assert also that, under the applicable Nebraska law, evidence to establish the alleged oral profit-sharing agreement was competent for the reason that "Parol evidence is admissible to show a contemporaneous oral agreement on the faith of which a written contract was executed and without which the written contract would not have been entered into."

■ The parol evidence rule is stated in 20 American Jurisprudence, Evidence, § 1099, as follows: "It is a general principle

---

[1]. The following contract dated February 2, 1948, is typical:

"Purchase Contract
Erman-Howell Division
Luria Steel & Trading Corporation
332 South Michigan Avenue
Chicago 4, Ill.

No. CH–3427–P      February 2nd 1948

Erman-Howell Division of Luria Steel & Trading Corp.,      Agree to Buy

And      The E. J. Ford Company
414 Electric Building
Omaha 2, Nebraska,      Agrees to Sell

Material      Rerolling Steel Rail Scrap
     Coming directly from the Union Pacific RR. Co.
     (Mill's weights & specifications to govern)
Quantity      Approx. 1000 Gross Tons
Price      $49.00 per Gross Ton
     F.O.B. Cars, consumer's works, Chicago Heights, Illinois
Delivery      Within 60 days to:      Calumet Steel Company
     Chicago Heights, Illinois
     ·CHTT Dely
Terms      Net cash — 30 days
Remarks      Confirming arrangements between your
     Mr. E. J. Ford and our Mr. Walter Erman
     If

NOTE:—Material must be way-billed as Scrap Iron and be loaded in not less than minimum carload lots. Unless otherwise instructed, material must be loaded in Gondola Cars.

Where material is purchased delivered, invoice must show originating point and freight must be deducted, or invoice must be accompanied by bill of lading showing freight prepaid to destination.

If the material is not shipped within the time specified, the purchaser, in addition to all other legal remedies, has the privilege of canceling this contract without notice.

This contract subject to strikes, accidents, shut-downs, delay of carriers, embargoes and other causes beyond our control.

---

Accepted    E. J. Ford      Erman-Howell Division
     Luria Steel & Trading Corp.
Date      2/11/1948      By Walter Erman
     W — —
     Please Sign and Return One Copy"

that where the parties to a contract have deliberately put their engagement in writing in such terms as import a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the entire engagement of the parties and the extent and manner of their undertaking have been reduced to writing; in other words the parol agreement is merged in the written agreement and all parol testimony of prior or contemporaneous conversations or declarations tending to substitute a new and different contract for the one evidenced by the writing is incompetent. * * *" See, also: 32 C.J.S., Evidence, § 851 and § 901; Restatement of the Law, Contracts, § 237, pages 331–332; Arman v. Structiform Engineering Co., 147 Neb. 658, 664–667, 24 N.W.2d 723, 727–728; Hoerger v. City State Bank, 151 Neb. 321, 325, 37 N.W.2d 393, 395; Union Selling Co. v. Jones, 8 Cir., 128 F. 672, 674–675; Connecticut Fire Insurance Co. v. Buchanan, 8 Cir., 141 F. 877, 897, 4 L.R.A.,N.S., 758; Frenzer v. Frenzer, 8 Cir., 2 F.2d 218, 221.

■ The rule is recognized in Nebraska and is a part of the substantive law of that State. Theno v. National Assurance Corporation, 133 Neb. 618, 621–624, 276 N.W. 375, 377–378; Arman v. Structiform Engineering Co., supra, at page 663 of 147 Neb., at page 726 of 24 N.W.2d. In an early case, Sylvester v. Carpenter Paper Co., 55 Neb. 621, 625, 75 N.W. 1092, 1094, the Supreme Court of Nebraska held that, in the absence of fraud, mistake or ambiguity, a written agreement is "not only the best evidence, but the only competent evidence, as to what the actual contract of the parties was."

The only doubtful question in this case is, we think, whether the Supreme Court of Nebraska has engrafted upon the parol evidence rule the exception for which the defendants contend, namely, that where the execution of a written contract has been induced by a prior or contemporaneous oral agreement, parole evidence is admissible to add to or contradict the terms of the written contract.

The main reliance of the defendants in support of their contention is the case of Doran v. National Surety Co., 1933, 125 Neb. 299, at pages 301–302, 250 N.W. 82, at page 83, in which the Supreme Court of Nebraska said: "* * * Assignment of error ten relates to the evidence of conversations between appellant and contractor Lowell as to the payment of the construction money. Appellant makes scant reference in his brief to this claim of error and cites no authorities upon which he relies. Nevertheless we have carefully read the record and noted the objections made to the testimony therein. Appellant's objections to the testimony are under the fundamental rule that parol or extrinsic evidence will not be received to vary or add to the terms of a written agreement. This rule of exclusion, however, has many well-recognized exceptions which limit its effect. Evidence tending to · establish a separate oral agreement between the parties to a written contract as to matters upon which the contract is incomplete is admissible if it does not vary or contradict the terms of the same. Huffman v. Ellis, 64 Neb. 623, 90 N.W. 552. *Likewise, a promise not specifically included in a written contract may be proved by parol where the contract was executed on the faith of the promise.* Hecht v. Marsh, 105 Neb. 502, 181 N.W. 135, 17 A.L.R. 1. Considering the limitations on the parol evidence rule created by the well-recognized exceptions, we must hold assignment of error ten without merit." [Italics supplied.]

It appears that Doran had brought suit to recover upon two bonds executed by the National Surety Company covering the performance of two contracts for the construction of buildings in Lincoln, Nebraska. The contracts had been modified by supplemental agreements between Doran and the contractor. Before making the statement which we have quoted, the Supreme Court of Nebraska said, at pages 300–301 of 125 Neb., at page 83 of 250 N.W.: "The real issue litigated was who breached the contracts. If the appellant did, he would not be entitled to recover. If the contractor Lowell did, then the appellee as his surety would be liable for the amount of damages sustained by appellant. Appellant's evidence tended to show that he was not obliged to pay the contractor

under the supplementary agreements until the work was entirely completed. The evidence upon the part of the appellee showed that the contractor, at the time of the original contracts, was to be paid as mutually agreed by himself and appellant; that the supplementary agreements were executed for the benefit of the appellant and likewise it was intended under these that payments should be made as the work progressed; that appellant did not pay the construction money as the work progressed and thereby it became impossible to continue with the work. Upon conflicting testimony the jury found generally for the appellee, and this verdict is sustained by competent evidence. Assignments in error that the verdict is not sustained by sufficient evidence and contrary to the evidence must be considered as not well taken."

■ As we read the opinion in the Doran case, the statement, "Likewise, a promise not specifically included in a written contract may be proved by parol where the contract was executed on the faith of the promise", was unnecessary to the decision of the case. Moreover, the case of Hecht v. Marsh, 105 Neb. 502, 181 N.W. 135, 17 A.L.R. 1, cited in the opinion in the Doran case, does not support the above quoted statement. The Supreme Court of Nebraska in the Hecht case at page 504 of 105 Neb., at page 136 of 181 N.W. said that the issue was "whether a contract between a landowner and a broker required by the statute to be in writing is susceptible of subsequent parol modification with respect to the compensation provided for therein."

The earlier case of Barnett v. Pratt, 37 Neb. 349, 55 N.W. 1050, did support the exception for which the defendants contend, as did also the cases of First National Bank of Trenton v. Burney, 91 Neb. 269, 136 N.W. 37, and Exchange Bank of Ong v. Clay Center State Bank, 91 Neb. 835, 137 N.W. 845, which followed Barnett v. Pratt. However, in Security Savings Bank v. Rhodes, 107 Neb. 223, 228, 185 N.W. 421, 423, 20 A.L.R. 412, the Supreme Court of Nebraska overruled those cases in so far as they announced the existence in Nebraska of the claimed exception to the parol evidence rule. With respect to the Barnett case, the court said at page 423 of 185 N.W.: "The case of Barnett v. Pratt, 37 Neb. 349, 55 N.W. 1050, is also cited as authority in the Exchange Bank of Ong Case [Exchange Bank of Ong v. Clay Center State Bank, 91 Neb. 835, 137 N.W. 845], but in that case [Barnett v. Pratt] the court pointed out that the written instrument involved was, on its face, not a complete contract, but merely a receipt or memorandum, and that the parol evidence rule had no application. The court did in that case, by way of dictum, state that when the execution of a written agreement has been induced upon the faith of an oral stipulation, made at the time but omitted from the written instrument, though not by accident or mistake, parol evidence of the oral contract is admissible, although it may add to or contradict the terms of the written instrument. It is true that such is the rule in Pennsylvania, and a Pennsylvania case is cited in the opinion in support of the rule stated, but in Pennsylvania the so-called parol evidence rule has been almost entirely abolished. The decisions in that state upon that point are not only in the minority, but seem to hold a unique position among the decisions of the courts of the other states in this country. See discussion in notes, 18 L.R.A. (N.S.) 434, and L.R.A. 1917C, 321. To follow the dictum in the case of Barnett v. Pratt, supra, would be to utterly destroy the parol evidence rule." See, also, S. Spiegal & Son v. Alpirn, 107 Neb. 233, 244–246, 185 N.W. 415, 419–420.

It seems to us that the statement from the Doran case upon which the defendants rely to sustain the asserted exception to the parol evidence rule, is subject to the same infirmity as was the similar statement in Barnett v. Pratt. We believe that the court did not in the Doran case, in disposing of an inadequately argued assignment of error, deliberately intend to resurrect the dictum in the Barnett case which the court had, in Security Savings Bank v. Rhodes, held would "utterly destroy the parol evidence rule." It is significant that neither Barnett v. Pratt nor Security Savings Bank v. Rhodes was mentioned in the opinion in Doran v. National Surety Co.

It is also significant that since the Doran decision no noticeable change in the application of the parol evidence rule by the courts of Nebraska has taken place. We find no Nebraska case in which the Doran case has been cited. On the other hand, the case of Security Savings Bank v. Rhodes has frequently been cited with approval by the Supreme Court of Nebraska both before and since the Doran case was decided. See, for example, State ex rel. Davis v. Banking House of A. Castetter, 118 Neb. 231, 236, 224 N.W. 21, 23; Bartels v. Wade, 130 Neb. 836, 838–839, 266 N.W. 712, 713; Lefferdink v. Schmutte, 149 Neb. 695, 698, 32 N.W.2d 194, 196; Winkelmann v. Luebbe, 151 Neb. 543, 547, 38 N.W.2d 334, 336. It seems apparent that the parol evidence rule as stated and applied in Security Savings Bank v. Rhodes and in S. Spiegal & Son v. Alpirn, supra, is still to be regarded as the law in Nebraska.

■ We are of the opinion that the District Court correctly ruled that the defendants had asserted a counterclaim which was not susceptible of being proved and therefore presented no genuine issue of fact.

The judgment appealed from is affirmed.