**S. M. WILLIAMS, Appellant,**

v.

**Phil D. MILLIGER, Appellee.**

No. 13807.

Court of Civil Appeals of Texas.

Houston.

Nov. 30, 1961.

Rehearing Denied Jan. 11, 1962.

Stone & Werlein, Richard O. Werlein, Houston, for appellant.

Solito, Vetrano & Murr, Edward G. Murr, Houston, for appellee.

COLEMAN, Justice.

S. M. Williams, defendant in the trial court, appeals from a judgment in favor of Phil D. Milliger, rendered in a trial before the court without a jury in an action growing out of an account rendered for professional services. The parties will be referred to as they were in the trial court.

Plaintiff is a certified public accountant. He performed certain professional services for defendant in auditing the books of businesses conducted by defendant. Prior to February 10, 1958 defendant was indebted to plaintiff in the sum of $1,288.60. On that date an order confirming a composition with the creditors of S. M. Williams entered into in the course of bankruptcy proceedings was confirmed by the Referee

in Bankruptcy. As a result of such composition plaintiff was paid the sum of $257.-72 and the balance of $1,030.88 was barred and discharged. Thereafter, in the early part of June, 1958, defendant engaged plaintiff to do additional auditing for him. On June 23, 1958, defendant sent plaintiff a check for $485.00. On July 21, 1958, plaintiff sent defendant a bill for $563.00 on account of the work which he had performed. In keeping his books, plaintiff kept only one account which showed both the barred debt and the amount charged for the additional work with credit being allowed on the total amount for the two payments. When plaintiff demanded payment of the balance, defendant tendered $28.00 which he contends to be the correct balance due. This amount was deposited in the registry of the court.

Plaintiff went to trial on his first amended petition seeking judgment for $563.00, interest and attorney's fees. Judgment was rendered for plaintiff in the sum of $513.00 plus interest and attorney's fees.

Defendant contends that the trial court erred in not giving him credit on the $563.00 account for the payment of $485.00 made in June, 1958; in awarding attorney's fees and in failing to dispose of the $28.00 tendered to plaintiff and deposited in the registry of the court.

Plaintiff testified that he told defendant that he could not undertake any new work for him without assurance of being paid for the "back work"; that he relied upon the promise that he would be paid; that he had never charged or collected a fee in advance; and he denied telling defendant that he would require some money because of the fact that he had been "stuck" in the bankruptcy matter and wanted some assurance of being paid for future work. He testified that he had been paid $50.00 on the $563.00 bill and that the balance of $513.00 had not been paid.

■ Defendant testified that he told plaintiff he would pay him some money before he should proceed with the new work. Plaintiff's testimony about this conversation was to the effect that defendant told him he would pay him some money on the old account. There is no evidence that defendant, either in writing or orally, designated the application of the $485.00 check at the time he sent it to plaintiff; however, he did state that he told plaintiff when the new work was discussed that when he got some money he would give him some to apply on the fee for the new work. Defendant admitted that plaintiff told him he would not do any more work for him unless he was paid something on the old bill, although later in his testimony he denied that plaintiff made that statement. Defendant testified that there was only one conversation concerning the new work. The testimony raised an issue of fact as to whether or not the defendant directed that the payment be applied to the new debt. It is implied in support of the judgment that the court found against the defendant on this issue since the court made no specific finding on such issue and none was requested. Ridgell v. Farmers' National Bank, Tex.Civ.App., 275 S.W. 858; Andrews v. Key, 77 Tex. 35, 13 S.W. 640; Kennedy v. Kennedy, 210 S.W. 581; Tex. Civ.App., error ref.

There was a fact issue as to whether or not the parties agreed that defendant would make a payment on the debt barred by the bankuptcy proceedings and thereby impliedly directed the application of the payment made to such purpose. Copes v. Perkins, 6 Tex. 150.

■ While the trial court's findings of fact and conclusions of law included no specific finding on this issue, one of the findings of fact was that "All lawful offsets have been allowed by plaintiff for payments made by defendant on his account." Defendant contends that there was no evidence to support this finding. The trial court further found that defendant made a payment of $50.00 on August 8, 1959,

"to plaintiff to apply on plaintiff's statement for services rendered, leaving a balance of Five Hundred and Thirteen and No/100 ($513.00) Dollars." It would be implied from these findings that the court further found that the $485.00 payment was made in accordance with prior agreement as a voluntary payment on the previous indebtedness barred by the bankruptcy proceedings. These findings and the implied subsidiary findings are supported by sufficient evidence. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Century Indemnity Co. v. First Nat. Bank of Longview, 272 S.W.2d 150, Tex.Civ.App.; Tijerina v. Botello, 207 S.W.2d 136, Tex.Civ. App.; Wentz v. Hancock, 236 S.W.2d 175, Tex.Civ.App., error ref.

Defendant's contention that the trial court erred in awarding an attorney's fee is not well founded. This contention is based on the theory that the plaintiff sued on an account, but not on a sworn account, and that Article 2226, Vernon's Ann.Rev.Civ.St., is not applicable. We think plaintiff's petition, and the evidence produced at the trial, show that the cause of action was for labor or services rendered. Both the pleadings and evidence warranted the trial court in awarding an attorney's fee as authorized by that statute.

We sustain defendant's contention that the Trial Court should have deducted the $28.00 deposited in the registry of the court from the judgment rendered, and should have ordered that amount paid by the Clerk to the plaintiff. Manhattan Life Insurance Co. v. Stubbs, 234 S.W. 1099, Tex.Com.App. Since the trial court had the requisite jurisdiction to make such an order and had the duty to do so in order to finally settle this matter, pursuant to our duty to render such a judgment as should have been rendered by the trial court, the judgment of the trial court will be modified by including therein an order that the District Clerk of Harris County, Texas, pay over to Phil D. Milliger the sum of Twenty-Eight and No/100 ($28.00) Dollars deposited in the registry of the court by S. M. Williams and the judgment rendered against S. M. Williams in the sum of $513.00 is hereby changed so as to read $485.00, no other provisions of said judgment being changed. The costs of this appeal will be taxed equally against appellant and appellee.

Modified and affirmed.

WERLEIN, J., not sitting.