DE LAVAL SEPARATOR COMPANY, APPELLEE, v. FRANK JELINEK, JR., APPELLANT.

FILED OCTOBER 4, 1906. No. 14,370.

Contract: WRITTEN MEMORANDUM: EVIDENCE. If a written memorandum confirmatory of a previous oral agreement does not purport to recite the whole of the latter, oral testimony is admissible to supply omitted covenants not inconsistent with the writing.

APPEAL from the district court for Saline county: LES-LIE G. HURD, JUDGE. *Reversed.*

*F. I. Foss* and *R. D. Brown,* for appellant.

*M. H. Fleming, contra.*

AMES, C.

The petition alleges that the plaintiff and defendant entered into a written contract, a copy of which is annexed to the pleading, by which the plaintiff agreed to furnish to the defendant certain machines to be sold by the latter within certain territory in this state, and the proceeds of such sales accounted and paid for at the prices specified in the agreement; and that the plaintiff had furnished to the defendant a certain number of such machines pursuant to the contract, for a part of which, aggregating in price $340.90, he had failed and refused to account for or pay, and for which amount and costs the plaintiff prayed judgment.

The defendant answered, admitting that the plaintiff had furnished to the defendant such machines to be sold by him within the territory described, and to be accounted and paid for at the prices named, and that the plaintiff had furnished the number stated in the petition, and that for the number so furnished, aggregating in price $340.90, the defendant had not paid. But the defendant averred that the written document was not the contract under which the said machines were furnished by the plaintiff and received by the defendant, but only a memorandum of a part of said contract; that the contract was oral, and was entered into by and between the defendant and an agent of the plaintiff at a time prior to the making of the written memorandum, and contained stipulations or covenants not embodied or intended by either of the parties to be embodied in the writing; the sole purpose of the latter being to describe the character of the plaintiff's employment and the territory in which he was employed

16

to sell the machines, and the prices at which he should sell and account and pay for the same, but that the oral agreement stipulated that the defendant should have the exclusive right to make such sales within the territory named for so long a time as such arrangement should be satisfactory to both parties thereto, which stipulation was not contained in the writing. The defendant further alleged that, pursuant to such agreement, he had expended a large amount of time and money in promoting sales of such machines within the prescribed territory, and in negotiating such sales to be thereafter consummated, and that said employment had at all times been satisfactory to both parties to said agreement, and the plaintiff had not at any time expressed dissatisfaction therewith or had reason so to do, but that the plaintiff had nevertheless arbitrarily and unjustifiably put an end to such employment, at some time previous to the bringing of the action, and had since said time refused to furnish said machines to the defendant for sale, but had furnished them exclusively to another person for sale in the prescribed territory, to the damage of the defendant in the sum of $2,000, for which sum the defendant prayed judgment by way of counterclaim or set-off.

When the plaintiff had rested its case, the defendant offered to prove the matters pleaded as a counterclaim, but the plaintiff objected on the ground that the answer does not state facts sufficient to constitute a counterclaim, and the court sustained the objection and directed a verdict for the plaintiff, upon which a judgment was rendered, from which the defendant has appealed. The sole ground, as it appears, upon which the objection was sustained and the instruction given is that the answer is an attempt to contradict or vary the terms of a written contract by oral testimony. Manifestly it attempts to do no such thing, but does attempt to show that the writing does not express the entire agreement of the parties, nor purport so to do. If it does so purport, it is doubtless as conclusive in that respect as it is with regard to any other matter con-

cerning which it speaks; but if it does not so purport, then the question whether it does contain the entire agreement, and, if not, what are the omitted terms of the contract, are questions of fact to be determined in like manner as any other fact that is or might be put in issue by the pleadings.

The memorandum is in the form of a letter written by the plaintiff to the defendant and signed by both parties in duplicate. It begins by acknowledging the receipt of an order from the defendant for a number of the machines, and continues: "We also have advice from Mr. Graham (an agent of the plaintiff) of his verbal arrangment with you for the sale of our baby machines in that section, and are informed by him of your intention to devote every reasonable effort to the business. This being understood, we take pleasure in confirming Mr. Graham's arrangement, outlining below the discounts, terms and conditions which will govern until further notice, such being applicable to baby separators only and in no sense to power or factory sizes or Alpha machines." Then follows a schedule of terms and discounts, and of the times and manner of making orders and settlements and payments, and a description of the territory in which, and the prices at which, sales were to be made, and a direction to the defendant to sign an inclosed duplicate of the letter and return it to the plaintiff. The letter does not say that it expresses all the terms of the "verbal arrangement" between Graham and the defendant, which it "confirms" without limitation, and whether it does so must be ascertained by inference or by evidence *aliunde*. It appears to us that no certain inference as to the duration of the "arrangement" can be drawn from the language of the document itself. There are at least three possible suppositions: First, it may have been intended to continue until some definite and specified time; second, it may have been intended to be terminable arbitrarily at any time by one or either party as the plaintiff insists; or, third, it may have been intended to continue indefinitely so long as it should be reasonably satisfactory to both parties, as the defendant contends.

And, again, upon which of these 'intents the minds of the parties met, may have been left to be gathered by inference from the language of the memorandum, or may have been expressed in the "verbal arrangement," which the writing confirms, but which in its entirety it does not express or by necessary implication purport to give. Which of these conjectures is true can only be ascertained, if at all, from a knowledge of what was said and done at the time the arrangement was agreed upon. The memorandum is in terms a confirmation of a previous oral agreement, and of itself naturally, if not necessarily, raises the inquiry, what was that agreement?

We are of opinion, therefore, that the court erred in excluding the offered evidence from the jury and in directing a verdict for the plaintiff, and recommend that the judgment be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.