HENRY WEHNES, APPELLEE, v. WILLIAM ROBERTS, APPELLANT.

FILED DECEMBER 18, 1912. No. 16,834.

1. **Parol Evidence:** ADMISSIBILITY. "Evidence tending to establish a separate oral agreement between the parties to a written contract, as to matters upon which such contract is silent, if it does not tend to vary or contradict the terms of the written document, is admissible." *Huffman v. Ellis*, 64 Neb. 623.

2. **Trial:** INSTRUCTIONS. The instructions examined, and *held* not to be prejudicial to the defendant.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. W. James,* for appellant.

*J. E. Willits,* contra.

HAMER, J.

This is an appeal from the judgment of the district court for Adams county in favor of the plaintiff, Henry Wehnes. In the summer of 1908 the defendant, William Roberts, appellant in this court, sold the plaintiff a threshing outfit consisting of a steam engine and a grain separator, with blower and feeder and water tank with trucks, for the purchase price of which the plaintiff gave his promissory notes to the defendant, one for $600, payable November 1, 1908, and one for $700, payable November 1, 1909. The notes in question seem to have become the property of the Roseland State Bank in the due course of business. The plaintiff sued the defendant, alleging a contract whereby defendant was to furnish all the repairs needed by the threshing outfit for the year 1908, and that defendant was to place them upon said engine and separator when given notice to do so by the plaintiff. This part of the agreement was not evidenced by writing, but rested wholly in parol. The plaintiff gave notice of needed repairs, which the defendant refused to furnish, where-

upon they were purchased by the plaintiff. The plaintiff also alleged a warranty by the defendant that the machine would work, and that the defendant would make it work, and a breach of the warranty. The plaintiff prayed judgment for the value of the repairs and cost of putting them on, and for damage because of the breach of the warranty. The answer admits the sale of the machine, and denies the other allegations. The plaintiff had a verdict and judgment.

It appears from the evidence that the agreement for the sale of the machinery was made in April. This is the contract sued on. Contemporaneous with the making of this agreement, the parties executed a written instrument embodying at least some of the terms of the sale. The written instrument does not appear to have been introduced in evidence, but the testimony of both parties agrees as to what the instrument contains. Upon the trial the plaintiff was permitted to prove, over the defendant's objection, the parol contract sued on. The defendant's objection was that the testimony of the plaintiff himself showed the contract to have been reduced to writing, and that evidence of any agreement not shown by the writing itself was incompetent. While it is not permitted to vary or contradict the terms of a written instrument showing the terms of an agreement, that rule is not violated by evidence of a parol agreement either prior to or contemporaneous with the execution of a written instrument, if the parol agreement is as to some matter collateral to the agreement contained in the written instrument, or if the parol agreement constitutes the inducement for the execution of the written instrument.

In *Norman v. Waite*, 30 Neb. 302, this court held, as stated in the syllabus: "The existence of a written contract or instrument, duly executed between the parties to an action and delivered, does not prevent the party apparently bound thereby from pleading and proving that contemporaneously with the execution and delivery of such contract or instrument the parties had entered into a distinct

oral agreement whĭch constitutes a condition on which the performance of the written contract or agreement is to depend." In the body of the opinion Judge COBB, who delivered the opinion of the court, referred to the case of *Michels v. Olmstead,* 14 Fed. 219, and said that he did not remember to have seen the law on this subject so clearly stated elsewhere as by Judge Krekel in the case cited. He then gives Judge Krekel's charge to the jury: "When parties, without any *fraud* or *mistake,* have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the *only evidence* of the agreement; but this does not prevent parties to a written agreement from proving that, either contemporaneonsly or as a preliminary measure, they had entered into a distinct oral agreement on some collateral matter, or an oral agreement which constitutes a condition on which the performance of the written agreement is to depend."

In *Huffman v. Ellis,* 64 Neb. 623, this court held, as expressed in the syllabus: "Evidence tending to establish a separate oral agreement between the parties to a written contract, as to matters upon which such contract is silent, if it does not tend to vary or contradict the terms of the written document, is admissible."

In *Barnett v. Pratt,* 37 Neb. 349, this court held, as expressed in the syllabus: "A brought suit against B alleging, that C was indebted to A for wages; that B purchased C's business, out of which the debt arose, and in part consideration agreed to pay C's debt to A; that this agreement was omitted from an instrument in the form of a receipt set out in the petition, and containing other terms of the transfer, and that the omission was to prevent a third person from learning of the promise. *Held,* That the petition stated a cause of action." Also held that "such a promise, omitted from a written agreement, may be proved by parol where the promisee was induced to execute the writing on the faith of the oral promise." Also that "such a promise is not within the statute of frauds." In the body of the opinion Commissioner

IRVINE said: "We cannot regard the instrument referred to in the petition as a contract complete in itself. It purports only to be a receipt. It is signed only by W. J. Pratt, and not by the party assuming these obligations, and its whole effect is that of an informal memorandum, and not the expression of a complete contract. Further, it is settled by a considerable line of authority that where the execution of a written agreement has been induced upon the faith of an oral stipulation made at the time, but omitted from the written agreement, though not by accident or mistake, parol evidence of the oral stipulation is admissible, although it may add to or contradict the terms of the written instrument."

In *Chapin v. Dobson*, 78 N. Y. 74, the New York court of appeals held, as stated in the syllabus: "The rule prohibiting the reception of parol evidence, varying or modifying a written agreement, does not apply where the original contract was verbal and entire, and a part only was reduced to writing; nor does it apply to a collateral undertaking; these facts are always open to inquiry and may be proved by parol."

In *Ferguson v. Rafferty*, 128 Pa. St. 337, the supreme court of Pennsylvania held, as stated in the syllabus: "Where the execution of a written agreement has been induced upon the faith of an oral stipulation, made at the time but omitted from the written agreement, though not by fraud, accident or mistake, parol evidence of the oral stipulation is admissible to add to or change the terms of the written instrument."

In a comparatively recent case this court held in *De Laval Separator Co. v. Jelinek*, 77 Neb. 192, as stated in the syllabus: "If a written memorandum confirmatory of a previous oral agreement does not purport to recite the whole of the latter, oral testimony is admissible to supply omitted covenants not inconsistent with the writing." In the body of the opinion this court, through Commissioner AMES, said: "The sole ground, as it appears, upon which the objection was sustained and the instruc-

tion given is that the answer is an attempt to contradict or vary the terms of a written contract by oral testimony. Manifestly it attempts to do no such thing, but does attempt to show that the writing does not express the entire agreement of the parties, nor purport so to do. If it does so purport, it is doubtless as conclusive in that respect as it is with regard to any other matter concerning which it speaks; but, if it does not so purport, then the question whether it does contain the entire agreement, and, if not, what are the omitted terms of the contract, are questions of fact to be determined in like manner as any other fact that is or might be put in issue by the pleadings."

Both parties to the written instrument agree that it provided only for the time of delivery, and the time and manner of payment for the machine. It follows therefore that the contract sued on was collateral to the agreement contained in the written instrument, and in no way tended to contradict or vary its terms.

Complaint was next made by appellant of the giving of certain instructions; they being instructions No. 2 and No. 5. By instruction No. 5 the jury were told that, if they found for the plaintiff, then they were to "find such sum as you believe from the evidence will compensate him for the injury and damage he has suffered, not exceeding the sum of $415.50, and interest thereon from September 15, 1909; and, in determining the amount of such damage, you should take into account the cost of the repairs purchased by the plaintiff, and the value of the labor and time to place said repairs on said threshing outfit." It is contended by the appellant that this instruction had a tendency to mislead the jury, for that it would seem to authorize a verdict of $415.50, when, under the evidence and other instructions of the court, no recovery could be had for the breach of warranty, and, as $200 of the amount claimed was claimed for damages on this account, in no event could plaintiff have recovered more than $215.50. It is hard to see how this instruction could have misled the jury as the amount claimed by the

plaintiff for furnishing repairs and for the breach of warranty is set out by the court. The jury are further told that there is no evidence of damages for the failure of the warranty, and they are further told that the only issue is as to a contract for furnishing the repairs, and the cost of the repairs purchased by the plaintiff, and the cost of putting them on. These instructions, when construed together, state the issue fairly. The verdict returned was for less than the amount claimed as the money expended for procuring the repairs, and the error, if it was an error, was without prejudice.

It is further urged that this instruction and instruction No. 2 lay down an incorrect measure of damages, in that they make the measure of damages the cost of repairs to the plaintiff, rather than their reasonable value. While it is perhaps true that the proper measure is reasonable value and not actual cost, no prejudice resulted to the defendant, because the only evidence of reasonable value shows the reasonable value to be identical with the cost. It follows that this error, if it be an error, is likewise without prejudice. We are unable to discover any error in the proceedings.

The judgment of the district court is

AFFIRMED.