J. H. MELVILLE LUMBER COMPANY, APPELLANT, V. WELPTON LUMBER COMPANY ET AL., APPELLEES.

FILED JUNE 10, 1931. No. 27539.

*Halligan, Beatty & Halligan* and *M. M. Maupin,* for appellant.

*L. A. De Voe, C. J. Thurston* and *Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

The Melville Lumber Company, in 1923, entered into a contract with the Welpton Lumber Company, which, among other things, provided that at the end of a five-year lease, then made of four lumber yards, the Melville Company should have the right to purchase all real estate and improvements at each of said yards at a stipulated price. The contract also provided that the Welpton Company at the termination of the five-year lease had the right to take possession of the yards by purchasing the stock at the market value. Melville Company brought suit in equity asking specific performance of the agreement to convey the real estate to it at a stipulated price and the Welpton Company filed a cross-petition seeking specific performance of the agreement to sell the stock in the yards and turn them over to it.

Our court is committed to the doctrine that "Courts of equity will not always enforce the specific performance of a contract. Such applications are addressed to the sound legal discretion of the court, and the court will be governed, to a great extent, by the facts and merits of each case." *Morgan v. Hardy,* 16 Neb. 427. A few of the numerous cases to the same effect are *Lopeman v. Colburn,* 82 Neb. 641; *Wilson v. Bergmann,* 112 Neb. 145; *Goodall v. Swartsley,* 108 Neb. 753; *Sennett v. Melville,* 85 Neb. 209; *Furse v. Lambert,* 85 Neb. 739; *Evans v. Kelly,* 104 Neb. 712. The trial court found that on October 22, 1928, the time when the Welpton Company under the contract was to exercise its option to buy the stock, it was not ready and able to perform, but that it was ready and able on November 17, 1928. Time is not generally considered as the essence of a contract, unless it is expressly

provided or it appears that it was the intention of the parties that it should be of the essence thereof. *Homan v. Steele, Johnson & Co.,* 18 Neb. 652; *Brown v. Ulrich,* 48 Neb. 409; *Wilson v. Perry,* 110 Neb. 535. The trial court properly found that time was of the essence of this contract, but that the parties by their acts had waived that provision.

Thereafter, the Melville Company treated the contract as breached and sought to enforce the option to purchase the real estate; a refusal or failure of the Welpton Company to exercise its option being a condition precedent to plaintiff's right to enforce its option. It could not make its refusal to perform the contract a condition precedent to a suit in equity to enforce specific performance of the contract. *Schields v. Horbach,* 30 Neb. 536.

The trial court filed an elaborate decree consisting of about twelve pages in the transcript, which contains findings of fact covering every issue in the case. Upon a trial *de novo,* the preponderance of the evidence supports like conclusions upon our part. We find no prejudicial error in the record; we conclude that the decree entered was a proper one; and we affirm the judgment.

AFFIRMED.