ARCHIE ROBERTS, APPELLEE, V. LEO KUBIK ET AL., APPELLANTS.

FILED NOVEMBER 8, 1935. No. 29355.

William N. Jamieson and Joseph E. Strawn, for appellants.

Paul I. Manhart, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

This is an action for damages for negligence in driving an automobile against plaintiff. Plaintiff had a verdict and judgment for $2,250. The court ordered a remittitur of $600 which was made and defendants appealed. Plaintiff cross-appealed to secure a restoration of the amount remitted.

There was competent evidence that defendant, Leo

Kubik, was driving his mother's car with permission, stopped it at the curb, leaving the engine running, came up on the sidewalk where Archie Roberts was and engaged in an altercation with him; that, at the instance of Kubik, his companion, Siedlik, held Roberts on the sidewalk, with a gun leveled at him, while Kubik returned to his car, drove it over the curb and parking and struck Roberts, standing in the middle of a six-foot brick sidewalk. He then reversed his car and drove away. The blow of the car knocked Roberts down. He fell on the walk, striking his head thereon, breaking his jaw and doing other damage to him. The evidence was sufficient to justify a verdict for plaintiff and sufficient, without reciting it, to warrant the jury in the conclusion that Tillie Kubik, the owner of the car, was liable for the negligent act committed by her son.

It is true that there was evidence that Roberts, who was an amateur boxer, had been knocked out in a contest a few weeks earlier; that Siedlik had struck him on the jaw when the altercation took place on the sidewalk; and that defendants' evidence tends to show that the impact of the automobile did not knock Roberts to the sidewalk. The answer to this is that the jury believed the testimony on behalf of plaintiff.

Error is claimed because of the testimony of Doctor Nolan, who examined plaintiff shortly before the trial. The doctor obtained from plaintiff a brief history of the manner in which plaintiff claimed he had been injured and then made a rather complete physical examination of plaintiff, including an examination of X-rays. The witness was permitted to recite the history given him and then proceeded to testify as to what he discovered in the physical condition of plaintiff's jaw, muscles, nerves, and the like. The recital of the history was objected to as well as the expressions of opinion by the doctor from time to time as to what he found concerning the physical condition of the patient. The court overruled the objections to the recital of the history, expressly stating in the presence of the jury that the history "isn't intended to be proof of the facts

given in the history. It isn't evidence at all and nobody would accept it as evidence of the facts stated." No instruction was requested by defendant relating to the admission of this testimony. The facts of history, as recited by the doctor, were given as primary evidence by witnesses for plaintiff and were particularly covered by the testimony of plaintiff who testified to every fact recited by the doctor. We find no prejudicial error in this point.

Appellant Tillie Kubik now argues that the judgment should be reversed as to her because she could not be held liable for the "malicious tort" of her son. The petition on which the cause was tried was based upon simple negligence. The answer of Tillie Kubik was a general denial. The case was tried on this theory. The court instructed the jury upon the conventional points of negligence. Tillie Kubik requested no instruction upon the question now presented. Indeed, she requested no instructions whatever. We think the point now suggested comes too late to be considered. "Where the issues of fact raised by the pleadings are correctly stated to the jury, the failure to give an instruction defining plaintiff's theory of the case is not an error in a record failing to disclose the tender of a proper instruction of that kind." *Prairie Life Ins. Co. v. Heptonstall,* 105 Neb. 829.

By the cross-appeal plaintiff asks to have the amount remitted from the judgment restored. Plaintiff received a severe fracture of the lower jaw. It is much more serious than a fracture of the upper jaw, which is fixed to other bones of the head. The jaw was put in a cast and he was under the care of a doctor for several weeks. His more or less promising career as a boxer was ended by the injury because the jaw is liable to refracture in such a violent business. He suffered great pain and discomfort for weeks. There was evidence that the adjacent nerves were and are still affected. No good reason was assigned by the trial court for requiring the remittitur as a condition for affirming the reduced judgment. We are of the opinion that the remittitur ought to be restored so that the

judgment will be for the $2,250 as fixed by the verdict of the jury. The judgment of the district court is generally affirmed, with directions to allow judgment for plaintiff for $2,250, as originally entered by the trial court.

AFFIRMED AS MODIFIED.

CARTER, J., dissenting.

In my judgment, the statement of facts contained in the majority opinion shows that the defendant, Leo Kubik, and his companion, Alex Siedlik, were engaged in a felonious assault upon the plaintiff at the time the injuries complained of were inflicted. The record shows that Leo Kubik is the son of Tillie Kubik and that he was driving his mother's car with her permission. I agree that, under the family purpose rule, Tillie Kubik is liable for the negligence of Leo Kubik in driving the car. She is not liable, however, for personal injuries inflicted by Leo Kubik while he is engaged in the commission of a criminal assault upon another, even though the family purpose car is one of the instrumentalities used in committing the offense. The facts of this case, as reflected by the majority opinion, do not disclose any negligence on the part of Leo Kubik that can be imputed to Tillie Kubik by virtue of her ownership of the car. In the court below, Tillie Kubik put the matter of negligence at issue by a general denial. At the close of plaintiff's case she moved for a directed verdict which should have been sustained. She preserved the error in her motion for a new trial, which is all that is required to secure a review in this court. I feel that the judgment against Tillie Kubik is not supported by the evidence and that it is affirmatively shown that the use of the car in the case at bar was clearly outside the scope of the family purpose doctrine. I therefore dissent.