ANTHONY E. KENNEDY, APPELLEE, V. JOYCELYN H. WOODS ET AL., APPELLANTS.

FILED JUNE 5, 1936. No. 29618.

*Tyler & Peterson* and *Raymond Frerichs,* for appellants.

*Rosewater, Mecham, Shackelford & Stoehr* and *Thomas E. Dunbar, contra.*

Heard before Goss, C. J., Rose and Day, JJ., and Eldred and Tewell, District Judges.

Eldred, District Judge.

This is an action for damages for personal injuries sustained as a result of a collision of an automobile in which the defendants were riding owned by the defendant Joycelyn H. Woods, and then being driven by her husband, the defendant Edwin C. Woods, with a wagon on which plaintiff was riding. The collision occurred after dark on Highway No. 75, a paved highway. Plaintiff was proceeding south with a team of horses hitched to the running gears of a wagon and was riding on the hounds in front of rear axle. Defendants were also proceeding in a southerly direction on the same highway. Just south of the village of Avery, there is a rather long but not a steep hill near the bottom of which is a slight curve to the right. Close to such curve the driver of the defendant's car, in attempting to pass plaintiff, struck the rear of the running gears of plaintiff's wagon, throwing plaintiff therefrom to the highway, with resulting injuries for which he is seeking to recover in this case. The issues involve the question of negligence and the nature and extent of plaintiff's injuries. By a general allegation in defendants' answer, contributory negligence is also made an issue. From a verdict and judgment for plaintiff, defendants appeal.

The first five assignments of error will be considered together. By these assignments complaint is made of the ruling of the court during the trial in permitting witnesses, Doctors Nolan and Zimmerer, to answer hypothetical questions, which, it is contended, assumed facts which were for the determination of the jury. The further objection is made to some of the testimony of Dr.

Zimmerer, "because it is based to a greater extent upon the 'history' of the case, consisting of self-serving declarations, * * * than upon the actual examination of the plaintiff." And objection is also made to the testimony of such witness that he examined the plaintiff for the sole purpose of qualifying him to testify. The fact that this witness had examined plaintiff the day preceding trial for the sole purpose of qualifying him as a witness did not make his testimony incompetent; the delay in the making of such examination going to the weight and not the competency of his evidence. The opinion of such doctor based on his observation and deductions from such examination, related by him in evidence, and on assumed facts, of which there was evidence, was properly received. Other testimony had been received as to the assumed facts embodied in the hypothetical questions. The doctors not being personally cognizant with all the facts relative to the history of the patient, which were material to the formation of an opinion as to the matter inquired about, it was proper to assume facts of which there was 'some evidence, in formulating and propounding the hypothetical questions; and it was proper for such witnesses to state the history as related to them, and which was considered by them in arriving at their opinions as given in testimony. *Roberts v. Kubik,* 129 Neb. 795, 263 N. W. 143. The effect to be given evidence based in whole or in part upon assumed facts is a matter properly covered by the instructions of the court. The trial court would doubtless have given such an instruction in this case had one been requested.

Criticism is also made of the inclusion of a reference to an X-ray plate in a hypothetical question submitted to Dr. Zimmerer. It appears that Dr. Overgaard, whose profession is given as X-ray physician, specializing in that work for the last twenty years, testified at length as to the taking and development of the X-ray of plaintiff's head; and likewise Dr. Nolan, plaintiff's physician, at whose request the X-ray was taken, testified at length

and in detail as to the X-ray, and it was identified and offered in evidence. The objection made to the question which embodied a reference to such exhibit being that it was "incompetent, irrelevant and immaterial, no proper foundation laid, and assuming a state of facts not in evidence." After examining the record, we conclude that, as against the objection made, the evidence was properly admitted. If there was some particular respect in which the proof of foundation was lacking, the trial court's attention should have been specifically directed thereto by appropriate objection. *Miller v. Drainage District,* 112 Neb. 206, 199 N. W. 28.

By the sixth assignment of error, criticism is made of a remark by court during the examination of a doctor as an expert; reference was made by witness to the "history" of plaintiff's condition previous to and following the accident which was objected to as hearsay. In ruling on the objection the court stated: "Doctors have a right to have a history of their patients before they give their opinions. Every lawyer knows that. Overruled." There was nothing objectionable in the first clause of the court's remarks. While the last clause served no purpose and might better have been omitted; yet, the attention of the trial court was not directed to any objectionable feature of the remarks at that time, in any manner. Ordinarily, error will not be predicated upon remarks made by the court, in the presence of the jury, when the attention of the court was not then called to the matter by objection or otherwise, so as to give the court timely opportunity to correct the prejudicial effect, if any. *Payne v. Clark,* 117 Neb. 238, 220 N. W. 262. Further, in this case, the remark complained of did not amount to a comment upon the weight of evidence and was not prejudicial. "It is, of course, better practice for a trial court to simply rule upon an objection without commenting on the evidence before the jury; however, a remark which does not express an opinion on the weight of the evidence is not prejudicial error." *Goldman v. State,* 128 Neb. 684, 260 N. W. 373.

The seventh assignment of error urges that the trial court limited the cross-examination of one of plaintiff's witnesses. After examining all the testimony of the particular witness, we do not find that there was any limitation of right of cross-examination. While as to some questions asked on cross-examination objections thereto appear to have been sustained, no complaint is made as to the ruling on the objections. The right of cross-examination appears to have been fully and adequately exercised.

By the eighth assignment of error, complaint is made of an instruction given the jury on the comparative and contributory negligence rule. On examination we conclude that the record does not disclose any negligence on the part of the plaintiff justifying an instruction on comparative or contributory negligence. An instruction as to comparative or contributory negligence was not required. Under the facts in this case, the instruction given was favorable to the defendant, and not prejudicial. An instruction in a party's favor, though erroneous, is not a ground for reversing a judgment against him. *Hanover Fire Ins. Co. v. Stoddard*, 52 Neb. 745, 73 N. W. 291.

Ninth, error is assigned in the refusal of the court to give instruction No. 2 requested by defendant, by which offered instruction the court is requested to advise the jury that it is not necessarily negligent for the operator of an automobile to drive at such a rate of speed that he is unable to stop or turn aside in time to avoid striking an object appearing within the range of the lights of his car; and "where the nature of the object or the color of a vehicle or animals upon the highway is such as to blend with the surface of the highway, and reduce the visibility thereof, the driver of an automobile is only required to exercise due care in stopping or turning aside his car, if possible, after such object, vehicle or animals can be seen by the exercise of due care." The court nowhere advised the jury that a driver of a car was necessarily negligent under such circumstances; but by

instruction No. 5 given by the court, the jury were instructed: "It was the duty of the defendant to drive his car in a reasonably careful manner at a reasonable rate of speed and have the same under reasonable control and exercise ordinary care to avoid an accident. A failure to exercise ordinary care in any of these matters would be evidence of negligence." And by instruction No. 11 the jury were further advised that no person should operate a motor vehicle on a highway at a rate of speed greater than was reasonably safe and proper, having due regard for the traffic and use of the highway, and the condition of the highway; nor at a rate of speed such as to endanger the life, limb or property of another; and further, "that a failure on the part of the defendant to observe the law regarding the rate of speed would not of itself necessarily constitute the defendant guilty of negligence, but is a fact as shown together with all other facts and circumstances as to the state of the traffic, the condition of the highway, the character of the vehicle and other matters, so far as shown by the evidence, having a bearing upon the question of defendant's negligence, to be considered by the jury in determining whether or not the speed at which the defendant was traveling was a negligent one." The instructions given, while not mentioning specifically all the circumstances referred to in the requested instruction, do authorize the jury to take into consideration in connection with the evidence as to the rate of speed, "all other facts and circumstances, as to the state of the traffic, the condition of the highway, the character of the vehicle and other matters, so far as shown by the evidence," in determining the question of negligence. This was comprehensive enough to authorize the consideration by the jury of the circumstances mentioned in the requested instruction. If there was evidence of conditions coming within the rule announced, it was a matter which, under the facts in this case, was properly left to the argument by counsel to the jury. The proposition contained in the requested instruction being suffi-

ciently covered by the instruction given by the court, there was no error in refusing the instruction tendered.

Finding no error prejudicial to appellants, the judgment of the district court is

AFFIRMED.