GATEWAY BANK, A NEBRASKA CORPORATION, ET AL., APPELLEES, V. DEPARTMENT OF BANKING, APPELLEE, BANK OF LINCOLN ET AL., APPELLANTS, LINCOLN BANK EAST, APPELLEE.

219 N. W. 2d 211

Filed June 13, 1974. No. 39302.

Duane W. Acklie and Peterson, Bowman, Coffman & Larsen, for appellants.

Knudsen, Berkheimer, Endacott & Beam, for appellee Lincoln Bank East.

Cline, Williams, Wright, Johnson & Oldfather and Crosby, Guenzel & Binning, for appellees Gateway Bank et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This action arises from the application of Lincoln Bank East, a Nebraska corporation and an appellee herein, for a bank charter to engage in business at 68th & O Streets, Lincoln, Nebraska. The appellants, Union Bank and Trust Company and Citizens State Bank, are existing banks who protested the application. The appellant Bank of Lincoln is an applicant for a charter to compete in the same general area and also a protestant. The Director of Banking granted the charter to Lincoln Bank East. Prior to hearing, the protestants requested in accordance with the provisions of section 84-914, R. R. S. 1943, that the rules of evidence applicable to the District Court be made binding. Appeal was made to the District Court under the provisions of section 84-917, R. R. S. 1943; that court made findings in accordance with the statute, and affirmed the order of the Director of Banking. Some of the protestants appeal. We affirm.

On this appeal two assignments of error are made: (1) That the Director erred in receiving a document, exhibit 27, entitled MRI Report—A Study to Evaluate the Feasibility of Establishing a Banking Facility at 68th and O Streets, Lincoln, Nebraska, and the District Court erred in not finding the admission of that exhibit erroneous. (2) The evidence was insufficient to establish the public necessity, convenience, and advantage would be promoted by granting the charter. § 8-122, R. R. S. 1943.

Exhibit 27 was supported by the foundational testimony of James T. LePage, an expert witness for the applicant and the person who had prepared the report. The facts and information contained in the report and on which it was based were accumulated by persons other than the witness but acting under his direction. When the exhibit was offered objection was made upon the ground of hearsay and insufficient foundation.

It seems to be conceded here by all parties that the report is such as is admissible upon compliance with the provisions of the Uniform Composite Reports as Evidence Act, sections 25-12,115 to 25-12,119, R. R. S. 1943. Section 25-12,115, R. R. S. 1943, provides: "A written report or finding of facts prepared by an expert not being a party to the cause, nor an employee of a party, except for the purpose of making such report or finding, nor financially interested in the result of the controversy, and containing the conclusions resulting wholly or partly from written information furnished by the cooperation of several persons acting for a common purpose, shall, insofar as the same may be relevant, be admissible when testified to by the person, or one of the persons, making such report or finding without calling as witnesses the persons furnishing the information, and without producing the books or other writings on which the report or finding is based, if, in the opinion of the court, no substantial injustice will be done the opposite party."

Section 25-12,117, R. R. S. 1943, provides: "Such report or finding shall not be admissible unless the party offering it shall have given notice to the adverse party a reasonable time before trial of his intention to offer it, together with a copy of the report or finding, or so much thereof as may relate to the controversy, and shall also have afforded him a reasonable opportunity to inspect and copy any records or other documents in the offering party's possession or control, on which the report or finding was based, and also the names of all persons furnishing facts upon which the report or finding was based, except that it may be admitted if the trial court finds that no substantial injustice would result from the failure to give such notice."

The appellants argue that the exhibit was inadmissible because of failure to comply with the provisions of section 25-12,117, R. R. S. 1943. The record shows that the protestants did not receive a copy of the report until the noon recess on December 22, 1971, the first day of the hearing before the Director. The question before us, as we see it, is whether the general objection of lack of foundation was sufficient to call to the Director's attention that the objection extended to the failure of the offerer to comply with the provisions of section 25-12,117, R. R. S. 1943, thus making the alleged error properly reviewable in the District Court and in this court.

The record clearly establishes a foundation sufficient under the provisions of section 25-12,115, R. R. S. 1943. The exhibit was therefore admissible unless there was some other valid objection properly and timely made. The following principles govern. If a general objection is overruled the objecting party may not complain on appeal unless: (1) The ground for exclusion was obvious without stating it, or (2) the evidence was not admissible for any purpose. Fries v. Goldsby, 163 Neb. 424, 80 N. W. 2d 171; McCormick on Evidence, § 52,

p. 118; Evidence (manual), Nebraska State Bar Assn., 1966, 4-6. The objection on the ground of insufficient foundation is a general objection. Kennedy v. Woods, 131 Neb. 217, 267 N. W. 390. Where the lack of foundation is not readily apparent and is lacking in some particular respect, the specific attention of the court should be called to such lack. Kennedy v. Woods, *supra*.

As applied to the Uniform Composite Reports as Evidence Act under the facts of this case, the report was apparently admissible under section 25-12,115, R. R. S. 1943. A failure of the offerer to comply with the provisions of section 25-12,117, R. R. S. 1943, would not be apparent to the court in the absence of extraneous proof of noncompliance. We hold that an objection on the grounds stated must be specifically made, and if it is not and a sufficient foundation under section 25-12,115, R. R. S. 1943, has been laid, we will on appeal uphold the overruling of the objection of insufficient foundation. McCormick on Evidence, § 52, p. 118; Fries v. Goldsby, *supra*. The requirement of specificity of objection would seem also to apply under Rule 103 (a) of the proposed Nebraska Evidence Rules. Had proper objection been made, then, of course, the objection should have been sustained or an opportunity afforded to the objecting party to have the benefit of the procedures afforded him by section 25-12,117, R. R. S. 1943.

There is, however, another reason why the appellants' argument must fail on this point. The record shows that the applicant rested its case at the end of the day on December 23, 1971, and the cause was adjourned to January 7, 1972, and later continued to January 14, 1972, at which time the protestants presented their evidence. The record shows that during this time they had a copy of the report and that any foundational information they wished was available to them. If there had been an initial error in ruling on the objection it was rendered harmless by the subsequent occurrences.

With reference to the second issue presented on appeal, we have carefully examined the evidence supporting the issue of public necessity, convenience, and advantage. The finding of the District Court that the order of the Director granting the application "was supported by competent, material and substantial evidence in view of the entire record as made on review," was correct.

AFFIRMED.