GUSTAV THIESZEN IRRIGATION COMPANY, INC., A
NEBRASKA CORPORATION, DOING BUSINESS AS THIESZEN
IRRIGATION CO., APPELLANT, V. TIM MEINBERG AND
LEONARD MEINBERG, APPELLEES.

276 N. W. 2d 664

Filed March 20, 1979. Nos. 41911, 41912.

Michael McGill and Richard H. Nowka of McGill, Koley, Parsonage & Ryan, P.C., and Milton R. Larson, for appellant.

Blevens, Blevens & Jacobs, for appellees.

Heard before KRIVOSHA, C. J., BRODKEY, and McCOWN, JJ., and RICHLING and CLARK, District Judges.

CLARK, District Judge.

These cases, joined for trial and this appeal, were law actions tried to a jury wherein the plaintiff, Gustav Thieszen Irrigation Company, Inc., brought suit to recover the balance due upon contracts for delivery of center pivot irrigation systems against each of the defendants. Defendants, Tim Meinberg and Leonard Meinberg, cross-petitioned for recovery of damages to their crops by reason of late delivery of the systems.

At the close of plaintiff's cases the court directed

verdicts against each of the defendants for the contract price. Judgments were entered thereon, and they are not an issue in this appeal.

The jury found for each of the defendants on their cross-petitions, and plaintiff appeals. We affirm the judgment of the District Court.

The record reflects that the defendants, Leonard Meinberg and Tim Meinberg, are father and son and are farmers in Seward County, Nebraska. In September 1973 each of the defendants entered into a contract with plaintiff for a pivot irrigation system and made downpayments thereon.

The contracts entered into were complete as to description of the goods being sold, price, etc., but failed to indicate a time for delivery, although the contracts each provided a blank space for delivery date. These contracts further provided they were subject to price increase and that in the event of such a price increase, the defendants would have the option of cancellation.

In May 1974 the defendants each entered into subsequent contracts with plaintiff which were identical with the September 1973 contracts except that there was an increase in purchase price and they bore the notations that these contracts superseded all previous contracts between the parties.

The irrigation system was delivered to defendant Leonard Meinberg's farm on June 24, 1974, and was erected and operating on July 8, 1974. Defendant Tim Meinberg's system was erected and operating on July 5, 1974.

At trial evidence was allowed by the trial court, over objection by the plaintiff, to the effect that oral representations were made by agents of plaintiff that the systems would be delivered and operative in time for the 1974 crop season and to the effect that the systems would be delivered by June 1, 1974. Evidence was also received regarding reasonableness of delivery under all the circumstances surrounding

the transaction. Included in these circumstances was testimony regarding the September 1973 contracts.

The trial court ruled that the contracts of September 1973 and May 1974 were part of the same transaction and, further, that they were not fully integrated, inasmuch as they did not cover all the dealings of the parties in that no delivery date was provided for in any of the contracts.

The plaintiff assigns as error: (1) The court erred in determining that the contracts of May 8, 1974, were not fully integrated; (2) the court erred in admitting any parol evidence regarding the provisions of the September 26, 1973, contracts and the May 8, 1974, contracts; (3) the court erred in submitting instruction No. 9 to the jury, which instructed them that parol evidence could be considered for the purpose of determining whether a specific date of delivery had been agreed upon; (4) the court erred in allowing any evidence of the September 23, 1973, contracts to be put in the record; (5) the court erred in not finding as a matter of law that delivery was effected within a reasonable time; (6) the court erred in submitting the question of whether delivery was effected within a reasonable time to the jury; (7) the court erred in overruling plaintiff's motion for summary judgment on defendants' cross-petition; and (8) the court erred in overruling plaintiff's motion for a directed verdict upon defendants' cross-petitions.

Assignments of error (1) through (4) are concerned with the proposition of whether the May 1974 contracts were fully integrated and application of the parol evidence rule. They will be considered as one assignment of error.

The parol evidence rule has been stated as follows: "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integra-

tion of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." Corbin on Contracts, § 573, p. 357.

Plaintiff argues that the contracts in this case are completely integrated in that the only item missing is the delivery date, and, it claims, that deficiency is supplied by operation of law. Obviously, if that deficiency is not supplied by operation of law, the contracts are not completely integrated, and parol or other extrinsic evidence should be allowed to explain the position of the parties in that regard.

It is true that where a contract is silent with respect to time of performance, a reasonable time for performance will be presumed or implied by law. See Davco Realty Co. v. Picnic Foods, Inc., 198 Neb. 193, 252 N. W. 2d 142; § 2-309 (1), U. C. C.; Williston on Contracts (3rd Ed.), § 38, p. 114.

There is a split of authority regarding admission of parol evidence on the issue of delivery time when the contract is silent on the subject. However, it has been held that the legal presumption of "reasonable time" is a presumption that can be rebutted by parol or other extrinsic evidence.

Professor Corbin states what we believe to be the better rule: "In the making of contracts, the parties often express their agreement on several terms, leaving some others unconsidered, or at least unexpressed. * * * For example, they may agree upon a sale of goods without specifying the time or place of delivery * * *. The law will often supply such a gap by requiring delivery 'within a reasonable time * * *.'

"Suppose, however, that the parties did in fact think of these matters and orally agreed upon a * * * definite time and place for delivery of goods, making this oral agreement simultaneously with the execution of a writing that states all the other terms of the selling agreement. Does the 'parol evidence

rule' prevent the enforcement of the oral agreement as to time and place, on the ground that it contradicts and varies a completely integrated written contract? The cases show that the courts have floundered and disagreed in answering this question. The answer should be No; the writing is only a partial integration * * *.

"The presumptions of law or fact, or the inferences, by which the court fills gaps in a contract that is in all other respects in writing, do not themselves constitute any part of the 'integration' that is supposed to be protected against variance or contradiction by the 'parol evidence rule.' By the weight of authority, supported by the better reason, oral testimony is admissible to prove that a time or place was agreed on and to rebut the usual presumptions and inferences that would otherwise prevail * * *. Oral testimony * * * is not varying or contradicting the writing; it is merely enabling the court to fill a gap by adding something that is not expressed in the writing at all." 3 Corbin on Contracts, § 593, at pp. 555, 556, 559. See, also, Fletcher v. Brewer, 88 Neb. 196, 129 N. W. 288; Huffman v. Ellis, 64 Neb. 623, 90 N. W. 552; Wehnes v. Roberts, 92 Neb. 696, 139 N. W. 212; Kansas City Bridge Co. v. Kansas City Str. Steel Co., 317 S. W. 2d 370 (Mo., 1958); and Williston on Contracts (3rd Ed.), § 640, at pp. 1054-57.

Further, "Did the parties assent to a particular writing as the complete and accurate 'integration' of that contract? In determining (this issue) * * * there is no 'parol evidence rule' to be applied. On (this issue) * * * no relevant evidence, whether parol or otherwise, is (to be) excluded." 3 Corbin on Contracts, § 573, at pp. 359-60.

The trial court, in allowing parol and extrinsic evidence on the subject of delivery time in this case, was correct.

The plaintiff's fifth and sixth assignments of error deal with whether the court should have determined,

as a matter of law rather than submitting to the jury, the question of whether delivery was effected within a reasonable time.

The record of the case and our ruling on admissibility of extrinsic evidence clearly reflect that there was a fact situation in this regard. "When there is no precise rule of law which governs, the question of what, under the circumstances of a particular case, is a reasonable time is usually a question for the jury." 53 Am. Jur., Trial, § 201, p. 171. We conclude that plaintiff's fifth and sixth assignments of error are without merit.

Plaintiff's seventh and eighth assignments of error deal with the failure to grant summary judgment or directed verdict in favor of the plaintiff on defendants' cross-petitions. In view of the court's opinion, these assignments are also without merit.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.