STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT, V.
ROBERT O. WHITLOCK AND PATRICIA WHITLOCK,
HUSBAND AND WIFE, JOINT TENANTS, APPELLEES.

634 N.W.2d 480

Filed September 28, 2001.   No. S-00-340.

Don Stenberg, Attorney General, and Kenneth W. Payne for appellant.

Laurice M. Margheim, of Curtiss, Moravek, Curtiss & Margheim, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The State of Nebraska, Department of Roads, condemned 21.75 acres of Robert O. Whitlock and Patricia Whitlock's farmland property for the construction of a highway. The Whitlocks' property is located in three separate sections and is now severed by the new highway. A jury returned a verdict in the amount of $65,250. The State appeals, contending that the district court erred in various respects. We hold that the district court erred in admitting the Whitlocks' expert's written appraisal report and supplemental report into evidence because they were hearsay. We reverse, and remand.

## BACKGROUND

At trial, the Whitlocks' appraiser, Larry Dean Radant, testified to his background and experience and to the generally accepted methodologies that he used to appraise the property. His written appraisal report contained two appraisals: one for the value of the property before the taking and one for the value of the property after the taking. The appraisal report contained details for the cost, income, and sales comparison approaches he had used and his final valuation for each method.

The appraisal report included descriptions of the 19 comparable sales he had relied upon for his sales comparison approach, as well as maps, photographs, and soil legends. He testified that he had visited the property and gave a general description of the farm. He also prepared a one-page supplemental report separating the value of the property taken based on the information contained in the appraisal report. Relying more heavily on the cost and sales comparison approaches, he opined that the value of the property before the taking was $245,000.

The State objected to the admission of the appraisal report, exhibit 9, and supplemental report, exhibit 10, on various grounds, including hearsay and foundational objections. The court overruled the objections, and the exhibits were received. Radant then opined that the value of the Whitlocks' property after the taking was $190,000, resulting in a total loss of $55,000. Of that total loss, he believed $9,264 was attributable to the value of the property taken. The balance, $45,736, was for damages to the value of the remainder because the property was

now divided by a highway. At the close of Radant's direct examination, the court overruled the State's motions to strike his testimony and exhibits 9 and 10, consisting of his appraisal report and supplemental report.

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred by (1) striking the testimony of its expert witness, (2) admitting into evidence the appraisal report and supplemental report of Radant, (3) admitting the valuation testimony of Radant because there was insufficient foundation for his opinion of value and it was based on an improper measure of damages, and (4) failing to sustain the State's motion to strike the valuation testimony of Robert Whitlock.

## STANDARD OF REVIEW

■ A condemnation action is reviewed as an action at law, in connection with which a verdict will not be disturbed unless it is clearly wrong. *Mobeco Indus. v. City of Omaha*, 257 Neb. 365, 598 N.W.2d 445 (1999).

## ANALYSIS

Because the evidentiary issue of the admission of Radant's appraisal report is dispositive, we do not decide the State's other assignments of error.

The State contends that the trial court erred by admitting exhibits 9 and 10 into evidence. The State argues that the appraisal report contained inadmissible hearsay not testified to by Radant. The State also contends the appraisal report and the supplemental report unduly emphasized Radant's conclusions. The Whitlocks contend that the court did not err in admitting the reports. They argue that evidence of comparable sales is admissible even if those comparisons are based upon hearsay or the appraiser lacks personal knowledge.

The Whitlocks argue two points: (1) Appraisal reports are admissible under our holding in *Anderson v. State*, 184 Neb. 467, 168 N.W.2d 522 (1969), and (2) Neb. Rev. Stat. § 25-12,115 (Reissue 1995) specifically allows the admission of composite reports prepared by an expert without calling as witnesses the persons furnishing the information.

618

■ The admission of hearsay is controlled by the Nebraska Evidence Rules. *Wiekhorst Bros. Excav. & Equip. v. Ludewig*, 247 Neb. 547, 529 N.W.2d 33 (1995).

■ In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Genetti v. Caterpillar, Inc.*, 261 Neb. 98, 621 N.W.2d 529 (2001).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Neb. Rev. Stat. § 27-801(3) (Reissue 1995). Hearsay "is not admissible except as provided by [the Nebraska Evidence Rules] or by other rules adopted by the statutes of the State of Nebraska." Neb. Rev. Stat. § 27-802 (Reissue 1995).

We have held that an expert's *testimony* on comparable sales is admissible over a hearsay objection. *Anderson v. State, supra.* We have also held that under Neb. Rev. Stat. § 27-703 (Reissue 1995), an expert may rely on hearsay facts or data reasonably relied upon by experts in that field. See, e.g., *McArthur v. Papio-Missouri River NRD*, 250 Neb. 96, 547 N.W.2d 716 (1996). Finally, we have held that direct evidence of other recent and comparable sales of real estate is admissible as substantive proof of the value of the condemned property or as foundation and background for an expert's opinion of value. See *Clearwater Corp. v. City of Lincoln*, 207 Neb. 750, 301 N.W.2d 328 (1981). The Whitlocks confuse the admissibility of an expert's opinion testimony with the admissibility of the expert's report.

■ An expert's written appraisal report is an out-of-court statement offered for the truth of the matter asserted. It is hearsay and is not admissible unless it falls within a recognized exception.

*Kliment v. National Farms, Inc.*, 245 Neb. 596, 514 N.W.2d 315 (1994), affirmed the exclusion of an expert's technical report, which was commissioned by the defendant in a nuisance suit, on a hearsay objection when the expert did not testify. When an expert is employed for no other purpose other than to give technical advice, his or her employment does not include

making statements on behalf of the principal. Thus, such a report is hearsay and not subject to any exception.

*Vacanti v. Master Electronics Corp.*, 245 Neb. 586, 514 N.W.2d 319 (1994), affirmed the trial court's refusal to admit a medical report into evidence. We held that the defendant had failed to show that the report fell within the "medical diagnosis" exception, and it was therefore inadmissible hearsay. *Id.* at 593, 514 N.W.2d at 324.

*Howells Elevator v. Stanco Farm Supply Co.*, 235 Neb. 456, 455 N.W.2d 777 (1990), affirmed the exclusion of a written estimate of damages to personal property.

In *Vacanti*, the plaintiff's medical expert testified that he had read the report and relied upon it in forming his opinion. We stated:

> An expert medical witness may base an opinion on the medical records of another treating doctor . . . . The mere fact that an expert relied on medical records, however, does not transform those records from inadmissible hearsay into admissible evidence. . . . To allow such a transformation "would deprive opposing parties of an opportunity to cross-examine on the background, competency and completeness of the report and the qualifications of the doctor."

(Citations omitted.) 245 Neb. at 593, 514 N.W.2d at 324.

■ To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of the litigant complaining about evidence admitted or excluded. *Nickell v. Russell*, 260 Neb. 1, 614 N.W.2d 349 (2000).

Radant's testimony on 19 comparable sales was superficial at best. He stated that the details of the comparable sales he relied upon were in his appraisal report. In fact, a substantial portion of his testimony focused on explaining to the jury the contents of his appraisal report and where to find pertinent information in it. Furthermore, the appraisal report also defines "market value" in a different manner than this court has defined that term. See, e.g., *Smith v. Papio-Missouri River NRD*, 254 Neb. 405, 413, 576 N.W.2d 797, 803 (1998) ("[f]air market value is the price which property will bring when offered for sale upon the open

market as between a willing seller and buyer, neither being obligated to buy or sell"). Finally, the report contains a number of photographs and maps for which no foundation was laid. Moreover, in his closing argument, the Whitlocks' counsel repeatedly encouraged jurors to refer to Radant's appraisal report and to check the details, and he specifically instructed the jury to refer to Radant's supplemental report for Radant's estimate of the decrease in the value of the remainder.

Radant's written appraisal report and supplemental report essentially amounted to a continued and more thorough testimony of his opinion during jury deliberations, without the benefit of cross-examination or opposing opinion. This is the mischief this court sought to eliminate when we reversed the district court's decision in a condemnation action partially because of the court's admission into evidence of two one-page summaries of the appraiser's valuations. "[A]dmission of evidence of this type is prejudicially erroneous because during its deliberations, the jury might place more weight on written summaries than on its collective recollection of the actual testimony." *Westgate Rec. Assn. v. Papio-Missouri River NRD*, 250 Neb. 10, 31, 547 N.W.2d 484, 499 (1996).

The Whitlocks, however, argue that a summary unfairly emphasizes parts of the expert's opinion testimony and that the admission of a complete appraisal report is distinguishable from the facts in *Westgate Rec. Assn.* Contrary to the Whitlocks' contention, the reasoning in *Westgate Rec. Assn.* applies even more to the admission of a complete appraisal report, not less. In addition, the first page of exhibit 9 and the sole content of exhibit 10 are summaries of Radant's conclusions, which type of information we specifically held is inadmissible in *Westgate Rec. Assn.*

■ We conclude that Radant's appraisal report was hearsay and unfairly prejudiced the State's case.

The Whitlocks next argue that even if the appraisal report is hearsay, it is admissible under the Uniform Composite Reports as Evidence Act, § 25-12,115, and Neb. Rev. Stat. §§ 25-12,116 to 25-12,119 (Reissue 1995). Section 25-12,115 provides:

A written report or finding of facts prepared by an expert . . . and containing the conclusions resulting wholly or partly from written information *furnished by*

*the cooperation of several persons acting for a common purpose*, shall, insofar as the same may be relevant, be admissible when testified to by the person . . . making such report or finding without calling as witnesses the persons furnishing the information, and without producing the books or other writings on which the report or finding is based . . . .

(Emphasis supplied.)

This act preceded the Nebraska Evidence Rules by almost 25 years, and the language indicates that it was intended to operate much the same as § 27-703. In other words, it allows an expert to base an opinion on hearsay which is not itself admissible in evidence. Without deciding on the statute's continued application, we conclude that the Whitlocks have failed to satisfy the requisites of § 25-12,115. That section provides that the written information relied upon by an expert is to be furnished by the cooperation of several persons acting for a common purpose.

In this case, Radant was acting alone in the preparation of his report, and any persons who might have provided information to him cannot be said to have been acting for a common purpose. See, *Gateway Bank v. Department of Banking*, 192 Neb. 109, 219 N.W.2d 211 (1974) (affirming district court's admission of expert's feasibility report when facts and information contained in report were accumulated by persons acting under expert's direction); *Houghton v. Houghton*, 179 Neb. 275, 137 N.W.2d 861 (1965) (affirming admission of pathologist's report when expert relied upon information provided by technicians working under his direction). Thus, § 25-12,115 is inapplicable to these facts.

We conclude that the district court's admission into evidence of the Whitlocks' expert's appraisal report was reversible error which unfairly prejudiced a substantial right of the State.

REVERSED AND REMANDED.